IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON HOWARD, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>THE BEAR STEARNS COMPANIES INC., THE BEAR STEARNS COMPANIES INC. EXECUTIVE COMMITTEE, JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG and JOHN DOES 1-10,<br><br>        Defendants. | Case No. 08-CV-2804 (RWS) |

*[additional captions follow]*

**DECLARATION OF DEREK W. LOESER IN SUPPORT OF MOTION BY PLAINTIFFS AARON HOWARD AND SHELDEN GREENBERG TO: CONSOLIDATE ERISA ACTIONS; APPOINT INTERIM LEAD PLAINTIFFS, INTERIM CO-LEAD COUNSEL AND INTERIM LIAISON COUNSEL; AND FOR ENTRY OF PRETRIAL ORDER NO. 1.**

ESTELLE WEBER, individually, on behalf of the
Bear Stearns Companies Inc. Employee Stock
Ownership Plan, and all others similarly situated,

           Plaintiff,

       v.

THE BEAR STEARNS COMPANIES, INC.,
CUSTODIAL TRUST COMPANY, JAMES
CAYNE, ALAN SCHWARTZ, WARREN
SPECTOR, SAMUEL MOLINARO, ALAN
GREENBERG, and JOHN DOES 1-20,

           Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 08-CV-2870 (RWS)

ANTHONY PISANO, individually and on behalf
of all others similarly situated.

           Plaintiff,

       v.

THE BEAR STEARNS COMPANIES, INC.,
JAMES E. CAYNE, ALAN D. SCHWARTZ,
WARREN J. SPECTOR, SAMUEL L.
MOLINARO, JR., ALAN C. GREENBERG, and
JOHN AND JANE DOES 1-20,

           Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 08-CV-3006 (UA)

| | |
|---|---|
| HANS MENOS, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>THE BEAR STEARNS COMPANIES, INC., JAMES CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG, and JOHN AND JANE DOES 1-10,<br><br>          Defendants. | Case No. 08-CV-3035 (UA) |
| IRA GEWIRTZ, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>THE BEAR STEARNS COMPANIES, INC., JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG, and JOHN AND JANE DOES 1-20,<br><br>          Defendants. | Case No. 08-CV-3089 (RWS) |

DREW V. LOUNSBURY, Individually and On
Behalf of All Others Similarly Situated,                   )
                                                           )
                                                           )   Case No. 08-CV-3326 (UA)
                    Plaintiff,                             )
                                                           )
                                                           )
         vs.                                               )
                                                           )
                                                           )
THE BEAR STEARNS COMPANIES INC.                            )
JAMES E. CAYNE; ALAN C. GREENBERG;                         )
ALAN D. SCHWARTZ; PAUL A. NOVELLY;                         )
FRANK T. NICKELL; FREDERIC V. SALERNO;                     )
VINCENT TESE; and JOHN AND JANE DOES 1-                    )
10,                                                        )
                                                           )
                    Defendants.                            )

SHELDEN GREENBERG, Individually and On
Behalf of All Others Similarly Situated,                   )
                                                           )   Case No. 08-CV-3334 (UA)
                    Plaintiff,                             )
                                                           )
                                                           )
         vs.                                               )
                                                           )
                                                           )
THE BEAR STEARNS COMPANIES INC.                            )
JAMES E. CAYNE; ALAN C. GREENBERG;                         )
JEFFREY MAYER; SAMUEL L. MOLINARO,                         )
JR., ALAN D. SCHWARTZ; WARREN J.                           )
SPECTOR; and JOHN AND JANE DOES 1-10,                      )
                                                           )
                    Defendants.                            )
                                                           )
SCOTT WETTERSTEN, individually and on                      )   Case No. 08-CV-3351 (UA)
behalf of all others similarly situated,                   )
                                                           )
                    Plaintiff,                             )
                                                           )
                                                           )
         vs.                                               )
                                                           )
                                                           )
THE BEAR STEARNS COMPANIES INC.,                           )
JAMES E. CAYNE, ALAN D. SCHWARTZ,                          )
WARREN J. SPECTOR, SAMUEL L.                               )
MOLINARO, ALAN C. GREENBERG, and JOHN                      )
AND JANE DOES 1-10,                                        )
                                                           )
Defendants.                                                )

I, DEREK W. LOESER, declare as follows:

1.      I am a partner with the law firm Keller Rohrback L.L.P., one of the counsel of record for Plaintiff Shelden Greenberg. I am licensed to practice law in the State of Washington. I submit this Declaration in support of the Motion by Plaintiffs Aaron Howard and Shelden Greenberg to: Consolidate the ERISA Actions; Appoint Interim Lead Plaintiffs, Interim Co-Lead Counsel and Interim Liaison Counsel; and for Entry of Pretrial Order No. 1. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2.      Attached as Exhibit A is a true and correct copy of the Keller Rohrback L.L.P. Complex Litigation Group resume.

3.      Attached as Exhibit B is a true and correct copy of *In re Polaroid ERISA Litig.,* No. 04-8335 (S.D.N.Y. Mar. 5, 2004).

4.      Attached as Exhibit C is a true and correct copy of *In re Marsh ERISA Litig.,* No. 04-8157 (S.D.N.Y. Feb. 8, 2005).

5.      Attached as Exhibit D is a true and correct copy of *In re Williams Companies ERISA Litig.,* No. 02-153 (N.D. Okla. Oct. 28, 2002).

6.      Attached as Exhibit E is a true and correct copy of *In re WorldCom, Inc. ERISA Litig.,* No. 02-4816 (S.D.N.Y. Sep. 18, 2002).

1

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 7th day of April 2008.

Derek W. Loeser
dloeser@kellerrohrback.com
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone: (206) 623-1900
Facsimile: (206) 623-3384

*Attorney for Plaintiff Shelden Greenberg and Proposed Interim Co-Lead Counsel*

2

# EXHIBIT A




# ERISA LITIGATION GROUP



Keller Rohrback L.L.P.   1201 Third Avenue   Suite 3200   Seattle, WA 98101 | 206.623.1900

Keller Rohrback P.L.C.   3101 North Central Avenue   Suite 1400   Phoenix, AZ 85012 | 602.248.0088

www.ERISAfraud.com

www.SeattleClassAction.com



**KELLER·ROHRBACK**
L A W   O F F I C E S

## ERISA LITIGATION GROUP

# LEADERS IN ERISA CLASS ACTION LITIGATION

KELLER ROHRBACK is the nation's leading law firm handling ERISA retirement plan litigation on behalf of Plaintiffs. Our ERISA Litigation Group has been instrumental in pioneering this cutting-edge field of law in the *IKON*, *Lucent* and *Enron* ERISA cases, the first large-scale ERISA 401(k) breach of fiduciary duty lawsuits of their kind. We are widely reported as an ERISA "powerhouse."

On behalf of our clients, Keller Rohrback has played a major role in establishing that ERISA's strict fiduciary duties apply to companies' investment of employees' retirement savings in the stock of the employers. Our efforts have resulted in numerous published decisions upholding Plaintiffs' ERISA claims, granting class certification, and approving several multi-million dollar settlements. In all, to date, Keller Rohrback has recovered over $750 million for employees on behalf of their retirement savings plans.

Federal courts throughout the country have recognized Keller Rohrback's qualifications to vigorously pursue ERISA class action claims. Thus, Keller Rohrback has served in a leadership position in almost every major ERISA breach of fiduciary duty case involving 401(k) and ESOP plans, including ERISA litigation against the following corporations:

*Founded in 1919, today Keller Rohrback has 58 attorneys and 90 staff members who provide expert legal services to our clients nationwide. We use cutting-edge technology and case management techniques in the preparation and trial of complex cases. Our excellent support staff includes in-house programming personnel and experienced paralegals who contribute significantly to our ability to effectively and efficiently litigate complex class action cases nationwide. The firm's ERISA Litigation Group regularly calls on firm attorneys in other practice areas for expertise in bankruptcy, contracts, employment law, executive compensation, corporate transactions, financial institutions, insurance coverage, mergers and acquisitions, professional malpractice, and securities transactions. The firm's in-house access to these resources distinguishes Keller Rohrback from other class action firms and also contributes to the firm's success.*

- *AIG*
- *Beazer Homes USA*
- *BellSouth*
- *CIGNA*
- *CMS Energy*
- *Delphi*
- *Dynegy*
- *Enron*
- *Ford Motor Co.*
- *Fremont General Corp.*
- *Global Crossing*
- *The Goodyear Tire & Rubber*
- *HealthSouth*
- *Household Int'l*
- *Krispy Kreme Doughnut*
- *Lucent Technologies*
- *Marsh*
- *Merck*
- *Merrill Lynch*
- *Mirant*
- *Polaroid*
- *Providian*
- *Pfizer*
- *Southern Company*
- *State Street*
- *Syncor*
- *Williams Companies*
- *WorldCom*
- *Xerox*
- *Visteon*

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infows@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                    www.SeattleClassAction.com

**KR**

  **ERISA LITIGATION GROUP**

# ERISA 401(k) and ESOP Cases

Keller Rohrback is proud to have an unparalleled track record of assisting our clients allege highly technical claims, including the following: (1) failure to prudently and loyally manage the plan and plan assets; (2) failure to provide complete and accurate information regarding company stock to Plan participants; and (3) failure to prudently monitor Plan fiduciaries. We are honored that courts nationwide have repeatedly praised Keller Rohrback's leadership and successful results in this highly complex and rapidly developing area of law.

*"[Keller Rohrback] has performed an important public service in this action and has done so efficiently and with integrity . . . [Keller Rohrback] has also worked creatively and diligently to obtain a settlement from WorldCom in the context of complex and difficult legal questions . . . [Keller Rohrback] should be appropriately rewarded as an incentive for the further protection of employees and their pension plans not only in this litigation but in all ERISA actions."* In re WorldCom, Inc. ERISA Litig., 59 Fed. R. Serv. 3d 1170, 33 Empl. Benefits Cas. (BNA) 2291 (S.D.N.Y. Oct. 18, 2004).

*"The Court finds that [Keller Rohrback] is experienced and qualified counsel who is generally able to conduct the litigation as Lead Counsel on behalf of the putative class. Keller Rohrback has significant experience in ERISA litigation, serving as Co-Lead Counsel in the Enron ERISA litigation, the Lucent ERISA litigation, and the Providian ERISA litigation, and experience in complex class action litigation in other areas of the law. Mr. Sarko's presentation at the August 26, 2002 hearing before the Court evidences Keller Rohrback's ability to adequately represent the class."* In re Williams Cos. ERISA Litig., No. 02-153 (N.D. Okla. Oct. 18, 2002) (order appointing Lead Counsel).

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | info@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | info@kellerrohrback.com
www.ERISAfraud.com                         www.SeattleClassAction.com                         KR 2



KELLER·ROHRBACK
LAW OFFICES

**ERISA LITIGATION GROUP**

## Pioneering ERISA 401(k) and ESOP Cases

***Whetman v. IKON Office Solutions, Inc.***, No. MDL 1318 (E.D. Pa.) (Also cited as "*In re IKON Office Solutions, Inc. Securities Litigation*."). The current wave of 401(k) company stock cases began with *Whetman v. IKON Office Solutions, Inc.*, No. 2-98-CV-89 (D. Utah). In a first-of-its-kind complaint, we alleged that company stock was an imprudent investment for the plan, that the fiduciaries of the plan failed to provide complete and accurate information concerning company stock to the participants, and that they failed to address their conflicts of interest. This case resulted in ground-breaking opinions in the ERISA 401(k) area of law on motions to dismiss, *Whetman v. IKON Office Solutions, Inc.*, 86 F. Supp. 2d 481 (E.D. Pa. 2000); class certification, *Whetman v. IKON Office Solutions, Inc.*, 191 F.R.D. 457 (E.D. Pa. 2000); approval of securities settlements with a carve-out for ERISA claims, *In re IKON Office Solutions Sec. Litig.*, 194 F.R.D. 166 (E.D. Pa. 2000); and approval of ERISA settlements, *Whetman v. IKON Office Solutions, Inc.*, 209 F.R.D. 94 (E.D. Pa. 2002).

***In re Lucent Technologies, Inc. ERISA Litigation***, No. 01-CV-3491 (D.N.J.). Keller Rohrback was appointed Co-Lead Counsel in this class action brought on behalf of participants and beneficiaries of the Lucent defined contribution plans that invested in Lucent stock. The complaint alleged that the Defendants withheld and concealed material information from participants, thereby encouraging participants and beneficiaries to continue to make and to maintain substantial investments in company stock and the plans. The settlement provided for, among other relief, the payment of $69 million in cash and stock to the plan. Judge Joel Pisano approved the settlement on December 12, 2003.

***In re Enron Corp. ERISA Litigation***, No. H 01-CV-3913 (S.D. Tex.) (Also cited as "*Tittle v. Enron Corp.*"). Keller Rohrback served as Co-Lead Counsel in this class action filed in the Southern District of Texas on behalf of participants and beneficiaries of the Enron Corporation Savings Plan, a 401(k) plan and ESOP plan. On September 30, 2003, Judge Melinda Harmon denied Defendants' numerous motions to dismiss in a landmark decision that addressed in detail Defendants' obligations as ERISA fiduciaries, and upheld Plaintiffs' core ERISA claims. *See Tittle v. Enron Corp.*, 284 F. Supp. 2d 511 (S.D. Tex. 2003). Judge Harmon subsequently granted Plaintiffs' motion for class certification and affirmed Keller Rohrback as Co-Lead Counsel. *See Tittle v. Enron Corp.*, No. 01-3913, 2006 WL 1662596 (S.D. Tex. June 7, 2006). Plaintiffs have achieved settlements totaling more than $264 million in cash for the Enron plan participants.

***In re WorldCom, Inc. ERISA Litigation***, No. 02 Civ. 4816 (DLC) (S.D.N.Y.). Keller Rohrback serves as Lead Counsel in this class action filed in the Southern District of New York on behalf of participants and beneficiaries of the WorldCom 401(k) Salary Savings Plan. On June 17, 2003, Judge Denise Cote denied in part Defendants'

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                    www.SeattleClassAction.com

KR  3

  **ERISA LITIGATION GROUP**

motions to dismiss. *See In re WorldCom, Inc. ERISA Litig.*, 263 F. Supp. 2d 745 (S.D.N.Y. 2003), and on October 4, 2004, granted Plaintiffs' motion for class certification. *See In re WorldCom, Inc. ERISA Litig.*, 2004 WL 2211664 (S.D.N.Y. Oct. 4, 2004). Settlements providing for injunctive relief and payments of over $48 million to the plan were approved on October 26, 2004 and November 21, 2005.

## *Groundbreaking ERISA 401(k) and ESOP Settlements*

Keller Rohrback's qualifications to lead ERISA 401(k) and ESOP class actions is nowhere more evident than in the highly favorable settlements it has achieved for the benefit of employees in several of its nationally prominent cases. In addition to the *Enron, WorldCom, IKON,* and *Lucent* settlements discussed above, these settlements include:

*In re BellSouth Corporation ERISA Litigation*, No. 02-CV-2440 (N.D. Ga.). On March 4, 2004, Judge J. Owen Forrester denied Defendants' motion to dismiss. *See Hill v. BellSouth Corp.*, 313 F. Supp. 2d 1361 (N.D. Ga. 2004). On December 5, 2006, Judge Forrester approved a settlement that provided structural relief for the Plans valued at up to $90 million, plus attorneys fees and costs. *See In re BellSouth Corp. ERISA Litig.*, No. 02-CV-2440 (N.D. Ga. Dec. 5, 2006).

*In re CMS Energy ERISA Litigation*, No. 02-72834 (E.D. Mich.). On March 31, 2004, Judge George Caram Steeh denied Defendants' motions to dismiss. *See In re CMS Energy ERISA Litig.*, 312 F. Supp. 2d 898 (E.D. Mich. 2004). On December 27, 2004, Judge Steeh granted plaintiffs' motion for class certification. *See In re CMS Energy ERISA Litig.*, 225 F.R.D. 539 (E.D. Mich. 2004). Judge Steeh subsequently approved the $28 million settlement negotiated by the parties.

*In re Dynegy, Inc. ERISA Litigation*, No. H-02-3076 (S.D. Tex.). On March 5, 2004, the court denied, in part, Defendants' motions to dismiss. *See In re Dynegy, Inc. ERISA Litig.*, 309 F. Supp. 2d 861 (S.D. Tex. 2004). Subsequently, the parties reached a settlement that provided for the payment of $30.75 million in cash to the plan. On December 10, 2004, Judge Sim Lake approved the settlement. *See In re Dynegy, Inc. ERISA Litig.*, No. 02-3076 (S.D. Tex. Dec. 10, 2004).

*In re Global Crossing Ltd. ERISA Litigation*, 02 Civ. 7453 (GEL) (S.D.N.Y.). The *Global Crossing ERISA Litigation* settlement provided for, among other relief, the payment of $79 million to the plan. Judge Gerard Lynch approved the settlement on November 10, 2004. *See In re Global Crossing Ltd. ERISA Litig.*, No. 02-7453, 2004 WL 3019763 (S.D.N.Y. Dec. 29, 2004).

*In re HealthSouth Corp. ERISA Litigation*, No. CV-03-BE-1700-S (N.D. Ala.). On June 28, 2006, Judge Karon Bowdre approved a settlement in the amount of $28.875

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | info@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com     www.SeattleClassAction.com     KR     4



**KELLER·ROHRBACK**
L A W   O F F I C E S
**ERISA LITIGATION GROUP**

million, with a possible additional $1 million from any HealthSouth recovery in the derivative action.

*In re Household International, Inc. ERISA Litigation*, No. 02 C 7921 (N.D. Ill.). On March 31, 2004, Judge Samuel Der-Yeghiayan denied, in part, Defendants' motions to dismiss. *See Cokenour v. Household Int'l Inc.*, No. 02-7921, 2004 WL 725973 (N.D. Ill. Mar. 31, 2004). The case subsequently settled for $46.5 million in cash to the plan. The court approved the settlement on November 22, 2004. *See Cokenour v. Household Int'l Inc.*, No. 02 C 7921 (N.D. Ill. Nov. 22, 2004).

*In re Mirant Corporation ERISA Litigation*, No. 1:03-CV-1027 (N.D. Ga.). On November 16, 2006, the court approved the settlement, including a payment of $9.7 million in cash to the Plan for losses suffered by the certified Settlement Class.

*In re Polaroid ERISA Litigation*, No. 03-CV-8335 (S.D.N.Y.). On March 31, 2005, Judge William H. Pauley III granted in part and denied in part Defendants' motion to dismiss. *See In re Polaroid ERISA Litig.*, 362 F. Supp. 2d 461 (S.D.N.Y. 2005). On September 29, 2006, Judge Pauley granted Plaintiffs' motion for class certification. *See In re Polaroid ERISA Litig.*, 240 F.R.D. 65 (S.D.N.Y. 2006). The parties subsequently reached a settlement in the amount of $15 million, which was approved by the court on June 25, 2007.

*In re Providian Financial Corp. ERISA Litigation*, No. C-01-5027-CRB (N.D. Cal.). The *Providian ERISA Litigation* settlement provided for structural changes to the plan, as well as the payment of $8.6 million in cash to the plan. The court approved the settlement on June 30, 2003. *See In re Providian Fin. Corp. ERISA Litig.*, No. 01-5027, 2003 WL 22005019 (N.D. Cal. June 30, 2003).

*Smith v. Krispy Kreme Doughnut Corporation*, No. 1:05-CV-06187 (M.D.N.C.). The Krispy Kreme ERISA Litigation settlement provided for structural changes to the plan, as well as the payment of $4.75 million in cash. On January 10, 2007, Judge William L. Osteen approved the settlement.

*In re Southern Company ERISA Litigation*, No. 1:04-CV-1912-RWS (N.D. Ga.). On August 14, 2007, the court granted final approval of the settlement, including a payment of $15,000,000 in cash to the Plan for losses suffered by the certified Settlement Class.

*In re Visteon Corporation ERISA Litigation*, No. 05-71205 (E.D. Mich.). On March 9, 2007, Judge Aven Cohn approved a settlement in the amount of $7.6 million.

*In re Williams Companies ERISA Litigation*, No. 02-CV-153 (N.D. Okla.). On November 16, 2005, the court approved the settlement for $55 million in cash, plus

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | info@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                    www.SeattleClassAction.com



5



# KELLER·ROHRBACK
### LAW OFFICES

# ERISA LITIGATION GROUP

equitable relief in the form of a covenant that Williams will not take any action to amend the Plan to (i) reduce the employer match thereunder below four percent prior to January 1, 2011, or (ii) require that the employer match be restricted in company stock prior to January 1, 2011.

## *Pending ERISA Cases*

In addition to the cases listed above, Keller Rohrback has been appointed to a leadership position in numerous other ongoing ERISA 401(k) and ESOP class actions. Through these cases, Keller Rohrback has again and again demonstrated its expertise in ERISA law, and its ability to vigorously, creatively, and successfully pursue employees' rights under ERISA. Keller Rohrback's leading role in the development of this law is unique and distinguishes the firm from any other in the country. Notable pending cases include:

*In re AIG ERISA Litigation,* No. 04-CV-9387 (S.D.N.Y.). On December 12, 2006, the Honorable John E. Sprizzo issued an order in which he denied Defendants' motions to dismiss. See *In re AIG ERISA Litig.,* No. 04-9387 (S.D.N.Y. Dec. 12, 2006).

*In re Beazer Homes USA, Inc. ERISA Litigation*, No. 1:07-CV-00952-RWS (N.D. Ga.). On October 11, 2007, Keller Rohrback was appointed Interim Co-Lead Counsel.

*In re Delphi Corporation Securities, Derivative & "ERISA" Litigation*, No. 05-CV-70882 (E.D. Mich.). On September 5, 2007, the Court preliminarily approved a settlement amount of $47 million, preliminarily certified a Settlement Class and scheduled a Fairness Hearing for November 13, 2007.

*Esposito v. Merrill Lynch & Co., et al.,* No. 07-10687 (LBS) (S.D.N.Y.). At a hearing held on February 21, 2008, the Court appointed Keller Rohrback as Interim Co-Lead Counsel.

*In re Fremont General Corporation Litigation*, No. 2:07-cv-02693-FMC-FFM (C.D. Cal.). On August 17, 2007, Keller Rohrback was appointed sole Interim Lead Counsel.

*In re The Goodyear Tire & Rubber Company ERISA Litigation*, No. 5:03CV02180 (N.D. Ohio). Judge John R. Adams denied Defendants' motions to dismiss on July 6, 2006. See *In re The Goodyear Tire & Rubber Co. ERISA Litig.,* No. 03-2180, 2006 WL 1928470 (N.D. Ohio July 6, 2006).

*In re J.P. Morgan Chase Cash Balance Litigation*, No. 06-cv-0732 (S.D.N.Y.). On October 30, 2006, Judge Harold Baer, Jr. granted in part and denied in part Defendants' motion to dismiss. See *In re J.P. Morgan Chase Cash Balance Litig.,* 460

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | info@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                                    www.SeattleClassAction.com



6



# KELLER·ROHRBACK
LAW OFFICES

## ERISA LITIGATION GROUP

F. Supp. 2d 479 (S.D.N.Y. 2006). On May 30, 2007, Judge Baer granted in part and denied in part Plaintiffs' motion for class certification, and certified a class of participants with respects to Plaintiffs' age discrimination and ERISA notice claims. The Court appointed Keller Rohrback L.L.P. as class counsel along with its two Co-Lead Counsel firms. *See In re J.P. Morgan Chase Cash Balance Litig.*, No. 06-cv-0732, 242 F.R.D. 265 (S.D.N.Y. 2007).

***Lilly, et al. v. Oneida LTD, et al.***, No. 6:07-cv-0040 (N.D.N.Y.).

***In re Marsh ERISA Litigation***, No. 04-CV-8157 (S.D.N.Y.). On December 14, 2006, the Honorable Shirley Wohl Kram issued an order in which she granted in part and denied in part the Defendants' Motions to Dismiss. *See In re Marsh ERISA Litig.*, No. 04-8157, 2006 WL 3706169 (S.D.N.Y. Dec. 14, 2006).

***In re Merck & Co., Inc., Securities, Derivative & "ERISA" Litigation***, No. 3:05-CV-01151 (D.N.J.). On July 11, 2006, Judge Stanley R. Chesler granted in part and denied in part Defendants' motions to dismiss. *See In re Merck & Co., Inc., Sec., Derivative & "ERISA" Litig.*, No. 05-1151, 2006 WL 2050577 (D.N.J. July 11, 2006).

***Montoya, et al. v. ING Life Insurance and Annuity Company, et al.***, No. 07-CV-2574 (S.D.N.Y.).

***Nowak, et al. v. Ford Motor Company***, No. 06-cv-11718 (E.D. Mich.). On December 22, 2006, Keller Rohrback was appointed Interim Co-Lead Counsel and on May 8, 2007, the Consolidated Amended complaint was filed.

***In re Pfizer ERISA Litigation***, No. MDL-1688 (S.D.N.Y.).

***In re State Street Bank and Trust Co. ERISA Litigation***, No. 07-8488 (RJH) (S.D.N.Y.). On January 31, 2008, Judge Richard J. Howell appointed Keller Rohrback Co-Lead Counsel and Interim Class Counsel.

***In re Syncor ERISA Litigation***, No. 03 CV 2446 (LGB) (C.D. Cal.). On August 23, 2004, Judge Baird denied, in part, Defendants' motions to dismiss. *See In re Syncor ERISA Litig.*, 351 F. Supp. 2d 970 (C.D. Cal. 2004). Judge Baird subsequently granted Plaintiffs' motion for class certification on March 28, 2005. The case settled, but was dismissed on summary judgment before the settlement could be approved. On February 19, 2008, the Ninth Circuit Court of Appeals reversed the district court's decision and remanded the case for further proceedings consistent with the court's order.

***In re Xerox Corporation ERISA Litigation***, No. 02-CV-1138 (AWT) (D. Conn.). On April 17, 2007, Judge Alvin W. Thompson denied in all significant parts the Defendants'

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                                www.SeattleClassAction.com

K|R  7

**ERISA LITIGATION GROUP**

motions to dismiss. *In re Xerox Corp. ERISA Litig.*, 483 F. Supp. 2d 206 (D. Conn. 2007).

# Representative Securities Fraud Cases

In addition to its work in the ERISA arena, Keller Rohrback also has served as lead or Co-Lead Counsel in a number of securities fraud class action cases where it has represented purchasers of securities.

*In re 2TheMart.Com Inc. Securities Litigation*, No. 99-1127 DOC (ANx) (S.D. Cal.). Keller Rohrback was appointed Co-Lead Counsel in this securities fraud class action and achieved a settlement of $2.7 million.

*In re Anicom Inc. Securities Litigation*, No. 00 C 4391 (N.D. Ill.). Keller Rohrback was one of three counsel representing the State of Wisconsin Investment Board in this securities fraud class action. Counsel achieved settlements on behalf of the class and other parties in excess of $39 million.

*In re Apple Computer, Inc. Derivative Litigation*, No. C-06-04128 (N.D. Cal.). Keller Rohrback serves on the Plaintiffs' Management Committee in this federal derivative shareholder action against nominal Defendant Apple Computer, Inc. and current and former officers and members of Apple's Board of Directors. Plaintiffs allege, among other things, breach of fiduciary duty, unjust enrichment, and gross mismanagement arising from the practice of backdating stock options granted between 1993 and 2001, which practice diverted millions of dollars of corporate assets to Apple executives.

*In re Autodesk, Inc. Derivative Litigation*, No. 06-7185 (N.D. Cal.). Keller Rohrback has been appointed to Chair the Plaintiffs' Executive Committee in this federal derivative shareholder action pending in the Northern District of California. Plaintiff brings claims on behalf of nominal Defendant Autodesk, Inc., and certain current and former Autodesk officers and directors. These Defendants are alleged to have, among other things, breached their fiduciary obligations to Autodesk by engaging in the practice of backdating certain broad-based employee stock options, which practice has diverted millions of dollars of corporate assets and is forcing Autodesk to record additional compensation expenses.

*In re Foundry Networks, Inc. Shareholder Derivative Litigation*, No. 06-05598 (N.D. Cal.). Keller Rohrback L.L.P. has been appointed Co-Lead Counsel in this federal derivative shareholder action against nominal Defendant Foundry Networks, Inc., and current and former officers and members of Foundry's Board of Directors. Plaintiffs allege, among other things, breach of fiduciary duty, unjust enrichment, and gross mismanagement arising from the practice of backdating stock options granted

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | info@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                www.SeattleClassAction.com

KR  8

  **ERISA LITIGATION GROUP**

between 2000 and 2003, which practice has diverted millions of dollars of corporate assets to Foundry executives.

***Getty v. Harmon, et al.***, No. C98-0178 (W.D. Wash.). This securities class action was brought on behalf of all people who purchased unregistered securities from Defendants. The suit was settled in favor of the Plaintiffs in the amount of $7 million.

***IKON Securities Litigation***, No. 98 CV-5483 (E.D. Pa.). Keller Rohrback served as Co-Lead Counsel representing the City of Philadelphia and eight other lead Plaintiffs. Class Counsel achieved the highest securities fraud settlement in the history of the Court by settling with Defendant IKON Office Solutions, Inc. for $111 million.

***Lasky v. Brown (United Companies Securities Litigation)***, No. CV99-1035-B-M2 (M.D. La.). Keller Rohrback served as Co-Lead Counsel in this securities fraud class action, and secured a $20.5 million settlement.

***In re Scientific-Atlanta, Inc. Securities Litigation***, No. 1:01-CV-1950-RWS (N.D. Ga.). Keller Rohrback L.L.P. serves as Co-Lead Counsel in this case, in which Plaintiffs allege that Defendants engaged in a course of fraudulent conduct by misrepresenting and omitting material information pertaining to Scientific-Atlanta's financial results and by engaging in extensive channel stuffing in order to enable the company to meet its stated earnings expectations.

***In re WorldPort Communications, Inc.***, No. 1-99-CV-1817 (N.D. Ga.). Keller Rohrback played an active role in the prosecution of this securities fraud class action and secured settlements totaling $5,100,000.

***In re Zoran Corp. Derivative Litig.***, No. 06-05503 (N.D. Cal.). Keller Rohrback serves as sole Lead Counsel in this federal derivative shareholder action against Zoran Corporation and certain current and former officers and directors. Plaintiff alleges, among other things, breach of fiduciary duty, unjust enrichment, corporate waste, and violation of federal securities laws arising from the practice stock option backdating. In one of the most thorough decisions issued to date, Judge Alsup denied in significant part Defendants' motion to dismiss. *See In re Zoran Corp. Derivative Litig.*, No. 06-0553, 2070 WL 1650948 (N.D. Cal. June 5, 2007).

## Other Representative Cases

***Erickson, et al. v. Bartell Drug Co.***, No. C00-1213L (W.D. Wash.). This landmark case, won on summary judgment, established that a private employer excluding prescription contraception services from an otherwise extensive health insurance plan unlawfully discriminates under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act.

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                              www.SeattleClassAction.com

 9



# KELLER·ROHRBACK
LAW OFFICES

## ERISA LITIGATION GROUP

***Ferko, et al v. NASCAR***, No. 4:02-CV-50 (E.D. Tex.). Keller Rohrback was counsel for Plaintiff in a lawsuit that charged NASCAR with breach of contract and unlawful monopolization. The suit also claimed that NASCAR and another Defendant, International Speedway Corporation ("ISC"), engaged in a conspiracy to restrain trade in violation of the antitrust laws. Keller Rohrback represented the shareholders of Speedway Motorsports, Inc. ("SMI"), a publicly traded company that owns six motorsports facilities, including Texas Motor Speedway ("TMS"). In May 2004, the parties reached a settlement agreement, pursuant to which, among other things, SMI agreed to purchase North Carolina Speedway from ISC for $100.4 million. The settlement was approved by the United States District Court for the Eastern District of Texas.

***In re Carpet Antitrust Litigation***, No. 1:95-CV-1494 (N.D. Ga.). This antitrust class action alleged a nationwide price-fixing conspiracy among the manufacturers and sellers of polypropylene carpet and was brought on behalf of purchasers of such carpet. Plaintiffs negotiated a successful settlement.

***In re Commercial Tissue Products Antitrust Litigation***, No. MDL 1189 (N.D. Fla.). This antitrust case involved allegations of a nationwide price-fixing conspiracy among the major manufacturers of facial tissue, toilet paper, paper towels, and related paper products used in "away from home" settings, such as office buildings, hotels, restaurants, and schools. Parties entered into a settlement agreement valued at $56.2 million in cash and coupons.

***In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation***, No. MDL 1203 (E.D. Pa.). These cases involve numerous Plaintiffs in Washington and other states who seek medical monitoring and/or personal injury compensation in relation to their ingestion of the prescription diet drugs Pondimin and Phentermine (*i.e.*, Fen-Phen) or Redux. Keller Rohrback serves as Class Counsel for a certified medical monitoring class of Washington patients who ingested these diet drugs. In addition, Judge Louis C. Bechtle, the federal judge who supervised the national settlement and litigation, appointed Lynn Lincoln Sarko, Keller Rohrback's managing partner, to serve as a member of the MDL 1203 Plaintiffs' State Liaison Counsel Committee. Keller Rohrback has represented, and continues to represent, numerous Plaintiffs in pursuing individual personal injury claims through the American Home Products' Nationwide Class Action Diet Drug Settlement or through individual lawsuits brought in state or federal courts.

***In re the Exxon Valdez***, No. A89⌐095 (D. Alaska). Keller Rohrback represents fishermen, Alaska natives, municipalities, and other injured Plaintiffs in this mass tort lawsuit arising out of the March 24, 1989, oil spill in Prince William Sound, Alaska. After a three-month jury trial, Plaintiffs obtained $5 billion in punitive damages—the largest punitive damages verdict in U.S. history. Keller Rohrback played a leadership

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                            www.SeattleClassAction.com





**KELLER·ROHRBACK**
L A W   O F F I C E S

**ERISA LITIGATION GROUP**

role during discovery and at trial, and was chosen to serve as Administrator of both the Alyeska and Exxon Qualified Settlement Funds. Litigation, including an appeal, continues.

*In re First USA Bank*, No. C97-1482D 9 (W.D. Wash.). This class action was filed on behalf of owners of credit cards issued by First USA Bank who signed up for "introductory rate" credit cards that were subject to false and deceptive "repricing." A settlement in this class action resulted in an automatic depricing benefit of over $50 million, plus over $36 million in benefits from other settlement-related offers.

*In re Linerboard Antitrust Litigation*, MDL Docket No. 1261 (E.D. Pa). The class actions in this litigation were resolved with the recovery of more than $202 million for the benefit of a class of businesses that purchased corrugated boxes and sheets. The combined settlements are the largest ever obtained in a price-fixing class action in the Eastern District of Pennsylvania and among the largest obtained in such a case nationally.

*In re Monosodium Glutamate Antitrust Litigation*, No. MDL No. 00-1328 (D. Minn.). Keller Rohrback represents the Plaintiff Class in this case pending in the United States District Court for the District of Minnesota. So far, $124 million has been recovered for the benefit of a class of businesses which purchased food flavor enhancers from suppliers in the U.S., Japan, Korea, and Taiwan. Businesses which participated in the recovery received nearly 200% of the amounts they were overcharged.

*In re Microsoft Corp. Antitrust Litigation*, No. MDL 1332 (D. Md.). Keller Rohrback served on the Executive Committee of Plaintiffs' counsel in this class action challenging Microsoft's monopolistic practices. A class of direct purchasers of operating system software achieved a settlement of $10.5 million in the United States District Court for the District of Maryland.

*In re Phillip Morris Securities Litigation*, No. 94 Civ. 1494 (TCP) (E.D.N.Y.). This shareholder derivative class action alleged misrepresentations regarding various inventory and trade loading practices used to distort the timing of sales. The Plaintiff class in this and a related case received in excess of $100 million in settlement.

*Salloway v. Malt-O-Meal Company*, No. PI-98-008931 (State of Minnesota, Hennepin County District Court). This nationwide product liability class action was brought on behalf of all people who consumed Defendant's salmonella-contaminated cereal. Plaintiffs negotiated a successful settlement.

*Wholesale Vitamins Price Fixing*, Case No. 00-631-CIV (S.D. Fla.). Keller Rohrback played an extensive role in trial preparation in this case, one of the largest and most

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | info☒@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | info☒@kellerrohrback.com
www.ERISAfraud.com                                                www.SeattleClassAction.com



11

 **ERISA LITIGATION GROUP**

successful antitrust cases in history. Chief Judge Thomas Hogan of the United States District Court for the District of Columbia certified two classes of businesses who directly purchased bulk vitamins and were overcharged as a result of a ten year global price-fixing and market allocation conspiracy. Through settlement and verdict, recoveries were achieved, including four major settlements between certain vitamin Defendants and Class Plaintiffs. One landmark partial settlement totaled $1.1 billion.

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | info@kellerrohrback.com
Keller Rohrback P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                    www.SeattleClassAction.com

12

 **KELLER·ROHRBACK** L A W   O F F I C E S          **BIOGRAPHIES**

## Lynn Lincoln Sarko

Lynn Lincoln Sarko, the managing partner of Keller Rohrback L.L.P. since 1991, leads the firm's nationally recognized Complex Litigation Group. An accomplished trial lawyer, he regularly serves as lead counsel in multi-party and class actions involving ERISA, breach of fiduciary duty and antitrust issues, and professional organizations have honored him for his work in high profile public cases. Mr. Sarko first came to Seattle for a federal clerkship. He returned after serving as an Assistant U.S. Attorney in Washington D.C. Courts. After serving as trial counsel in the Exxon Valdez Oil Spill case, which resulted in a $5 billion punitive damages verdict, he was appointed by the court as Administrator for all funds recovered. Mr. Sarko has served as lead or co-lead counsel in numerous leading ERISA cases, including the  largest and most complex – the *Enron, WorldCom,* and *Global Crossing* cases, and numerous other 401(k) and ESOP cases including: *In re Lucent Technologies ERISA Litigation; In re Xerox ERISA Litigation; In re Dynegy, Inc. ERISA Litigation; In re Williams Cos. ERISA Litigation; In re BellSouth Corp. ERISA Litigation; In re Household International ERISA Litigation; In re Polaroid ERISA Litigation;* and *In re Marsh ERISA Litigation.*

Mr. Sarko's ERISA litigation practice has focused on prosecuting matters raising sophisticated 401(k) and ESOP plan issues, including: preemption; fiduciary breach; fiduciary misrepresentation claims; imprudent investment claims; blackout period and mapping violations; plan asset diversification; prohibited transaction allegations; cash balance litigation; directed trustee litigation; Section 404(c) defenses; and ERISA class action issues. He regularly appears in federal courts from coast to coast, maintaining an active national ERISA litigation practice.

In addition to his work as lead or co-lead counsel in leading ERISA cases, Mr. Sarko has previously prosecuted a variety of class actions involving high profile matters including the Exxon Valdez Oil Spill, the Microsoft civil antitrust case, Vitamins price-fixing cases, the MDL *Fen/Phen Diet Drug Litigation,* as well as notable public service lawsuits such as *Erickson v. Bartell Drug Co.,* establishing a woman's right to prescription contraceptive health coverage. Aided in part by his M.B.A. in accounting, Mr. Sarko has also litigated numerous complex cases involving financial and accounting fraud, including actions against several of the nation's largest accounting and investment firms.

*Continued on next page*

*All other bios listed alphabetically*

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                        www.SeattleClassAction.com



  **BIOGRAPHIES**

## *Lynn Lincoln Sarko (continued)*

### Education and Admissions
Mr. Sarko received his undergraduate, M.B.A. and law degrees at the University of Wisconsin, where he served as the editor-in-chief of the law review and was selected by the faculty as the outstanding graduate of his class. He is admitted to practice in Washington State; Wisconsin; the District of Columbia; United States District Courts in Arizona, Colorado, D.C., Washington and Wisconsin; United States Courts of Appeal for the Second, Fourth, Seventh, Ninth, and Tenth Circuits, and for the District of Columbia; as well as the United States Supreme Court.

### Memberships
He is a member of the King County Bar Association, the Washington State Bar Association, and the American Bar Association.

## *Laurie Ashton*



Laurie Ashton is a member of Keller Rohrback P.L.C., based in Phoenix, Arizona. Her practice emphasizes bankruptcy, commercial, ERISA, and environmental litigation. Ms. Ashton has been very active in the Arizona State Bar, having served on the Ethics Committee for six years, and frequently lectures on bankruptcy issues and other matters. Additionally, Ms. Ashton has taught semester courses in Advanced Chapter 11 Bankruptcy and Lawyering Theory and Practice at the ASU College of Law, and for several years running, has been a guest lecturer on Chapter 11 at Harvard Law School. She is the co-author of *Arizona Legal Forms: Limited Liability Companies and Partnerships*, 1996-2002. Following law school Ms. Ashton served as law clerk for the Honorable Charles G. Case, U.S. Bankruptcy Court, for the District of Arizona for two years. Ms. Ashton graduated from Arizona State University College of Law, where she has twice returned as an Adjunct Professor to teach semester courses in Lawyering Theory and Practice and Advanced Chapter 11. Ms. Ashton is admitted to practice in Arizona and Colorado.

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                www.SeattleClassAction.com                KR 2

 **KELLER·ROHRBACK**
L A W   O F F I C E S

# BIOGRAPHIES

## Gretchen Freeman Cappio



Gretchen Freeman Cappio is a member of Keller Rohrback's Complex Litigation Group practicing in the areas of class action & complex litigation, consumer protection, and employment litigation. She and her co-counsel have represented the plaintiff class in several cutting-edge complex cases, including *Erickson v. Bartell Drug Co.*, 141 F. Supp. 2d 1266 (W.D. Wash. 2001), in which the Honorable Robert S. Lasnik ruled that an employer violated Title VII of the Civil Rights Act when its coverage failed to cover prescription contraceptives on an equal basis as other prescription drugs. Ms. Cappio graduated from the University of Washington School of Law where she served as the Executive Comments Editor of *The Pacific Rim Law & Policy Journal*. She earned her B.A. degree *magna cum laude* from Dartmouth College, where she graduated Phi Beta Kappa and with honors in Religion. Ms. Cappio is an active member of the Washington State Bar Association. Ms. Cappio serves as a pro bono attorney for the Northwest Immigrant Rights Project, and represents immigrant survivors of domestic violence.

## David Y. Chen



David Chen was most recently founding COO of Biotrue, a bioinformatics startup, where he managed overall operations including legal affairs. He was previously an attorney in private practice and assistant general counsel at Epoch Partners, an investment bank sponsored by Charles Schwab and acquired by Goldman, Sachs. Mr. Chen also practiced M&A, securities and general corporate law at Skadden, Arps, Slate, Meagher & Flom. He began his legal career as an Honors Program attorney with the Civil Rights Division of the U.S. Department of Justice, where he developed, investigated and prosecuted individual cases and patterns or practices of employment discrimination and represented the U.S. Department of Labor in defensive matters. Mr. Chen received his A.B. in Public Policy from Duke University and his J.D. from Stanford University Law School where he was an Associate Editor of the *Stanford Law Review*.

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com    www.SeattleClassAction.com    **KR** 3

 **KELLER·ROHRBACK**
L A W   O F F I C E S

**BIOGRAPHIES**

## *T. David Copley*



T. David Copley's practice is focused on class action and other complex litigation, including mass tort, antitrust, breach of fiduciary duty, securities, employment and consumer protection cases. Mr. Copley was one of those named 1995 Trial Lawyer of the Year for his successful work in the Exxon Valdez Oil Spill Litigation. He graduated from Northwestern University School of Law, where he served as an editor of the *Northwestern University Law Review*. He earned his B.A. at the University of Iowa, taking his degree with Distinction and Honors in Political Science and English and as a member of Phi Beta Kappa. Mr. Copley is admitted to practice in the states of Washington and Arizona, in the United States District Courts of Western Washington, Eastern Washington, Arizona, the Northern District of California, the United States Court of Appeals for the Ninth Circuit, and the United States Supreme Court.

## *Shane P. Cramer*



Shane Cramer's practice focuses primarily on ERISA, securities fraud, and shareholder derivative litigation. Shane graduated from the University of Washington School of Law in 2003. He received his B.A. in Society & Justice and Sociology from the University of Washington in 2001, and is a member of Phi Beta Kappa. While at the University of Washington, Shane served as an extern at the United States Attorney's Office for the Western District of Washington and at the Environmental Protection Agency. He is admitted to practice in Washington and Arizona, and earned the second highest score out of 743 applicants on the July 2004 Arizona bar examination.

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                                          www.SeattleClassAction.com

KR 4



**KELLER·ROHRBACK**
L A W  O F F I C E S

## BIOGRAPHIES

### *Tyler L. Farmer*



Prior to joining Keller Rohrback, Tyler Farmer was a member of the Trial Practice Group in the Silicon Valley and Washington, D.C. offices of Jones Day. Over his career, he has represented a broad range of clients in state and federal courts across the country. At the trial level, his practice has encompassed such diverse matters as shareholder derivative suits, securities class actions, corporate takeover disputes, complex product liability actions, and pro bono representation of an individual seeking compensation for undisclosed termite infestation of a newly purchased property. Mr. Farmer has briefed a wide array of pre-trial and trial motions in state and federal courts and has a track record of successfully briefing and arguing discovery motions under California law.

In addition, Mr. Farmer brings particular experience to matters involving corporate internal investigations. He has been part of teams that conducted corporate internal investigations and responses to government investigations on behalf of both Audit Committees and compliance departments. In connection with these efforts, Tyler has presented investigation results to Boards of Directors, outside auditors, and governmental agencies. Mr. Farmer has also advised clients on the creation and implementation of document retention policies, data acquisition and transfer compliance, and strategies relating to the preservation and production of electronically stored information.

Mr. Farmer worked for the U.S. Department of Justice in the American Embassy during his second year of law school, which he spent in Notre Dame's Concannon Programme of International Law in London, England. Prior to attending law school, Tyler spent two years as an Americorps volunteer, teaching middle school in Pensacola, FL and working as a full-time residential staff member at a homeless shelter in Phoenix, AZ. He received both his B.A. and J.D. from Notre Dame University.

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                              www.SeattleClassAction.com

**KR** 5

 KELLER·ROHRBACK
LAW OFFICES

**BIOGRAPHIES**

## Juli E. Farris



Juli Farris focuses on securities fraud, breach of fiduciary duty, and antitrust litigation in state and federal courts. She has made significant contributions in cases such as *In Re Catfish Antitrust Litigation*, *IKON Securities Litigation*, *Anicom Securities Litigation*, *United Companies Securities Litigation*, *In re Worldcom ERISA Litigation*, and most recently, stock option backdating cases against companies such as Apple Computer Inc., Zoran Corporation, and others. Prior to joining Keller Rohrback in 1991, Ms. Farris clerked for Judge E. Grady Jolly of the Fifth Circuit of the United States Court of Appeals and practiced law at the Washington, D.C. office of Sidley & Austin (now Sidley, Austin, Brown & Wood). She earned her B.A. in English and J.D. from Stanford University, where she was a Note Editor of the *Stanford Law Review*. Ms. Farris is admitted to practice in the state and federal courts in Washington, California, and the District of Columbia.

## Raymond J. Farrow



Ray Farrow's practice focuses on complex litigation with an emphasis on antitrust, securities law, and ERISA litigation. Mr. Farrow graduated with high honors from the University of Washington School of Law where he was Articles Editor of the *Washington Law Review*. Prior to law school, Mr. Farrow was a member of the Economics faculty at Seattle University, the University of Washington, and Queen's University in Canada. He earned his B.A. in Economics from the University of Manchester in the U.K. and M.A. degrees in Economics from the University of Essex (U.K.) and Princeton University. Mr. Farrow is licensed to practice in Washington State.

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | info@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                          www.SeattleClassAction.com

 KR    6

 **KELLER·ROHRBACK**
L A W   O F F I C E S

# BIOGRAPHIES

## Laura R. Gerber



Laura R. Gerber's practice focuses on complex litigation with an emphasis on ERISA litigation, breach of fiduciary duty, and excessive fee litigation. Prior to joining the firm, she was a consulting attorney on land reform projects in foreign countries. Ms. Gerber graduated from the University of Washington School of Law. While in law school, she concurrently received an M.P.A. degree from the Daniel J. Evans School of Public Affairs at the University of Washington and was a member of the Moot Court Honor Board. She received her B.A. in History and Economics from Goshen College. Ms. Gerber is licensed to practice in Washington.

## Gary Gotto



Gary Gotto is a member of Keller Rohrback P.L.C., based in Phoenix, Arizona. Mr. Gotto currently serves in leadership positions in the *Enron ERISA Litigation*, *CMS Energy Corp. ERISA Litigation*, *Dynegy ERISA Litigation*, *Global Crossing ERISA Litigation*, and the *WorldCom ERISA Litigation* and has held leadership and management positions in both *Whetman v. IKON Office Solutions, Inc. Securities and ERISA Litigation*. In addition to his ERISA 401(k) class action expertise, Mr. Gotto has expertise in complex Chapter 11 bankruptcy litigation and issues, which has proved invaluable in cases in which defendants in ERISA 401(k) litigation are also debtors in bankruptcy, including the *Enron ERISA Litigation*, *WorldCom ERISA Litigation*, and *Global Crossing, Ltd. ERISA Litigation*. He chaired the Arizona State Bar Subcommittee on Revising the Limited Partnership Act and co-authored *Arizona Legal Forms: Limited Liability Companies and Partnerships*. Mr. Gotto speaks and teaches regularly on a number of topics, including an annual real estate bankruptcy case study presented at Harvard Law School. He earned his J.D. from Arizona State University *summa cum laude*, where he was a member of the Order of the Coif. and the Special Projects Editor of the *Arizona State Law Journal*. Mr. Gotto received his B.A. from the University of Pennsylvania *cum laude*. He is admitted to practice in the state of Arizona.

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | info@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                        www.SeattleClassAction.com

 7



**KELLER·ROHRBACK**
L A W   O F F I C E S

# BIOGRAPHIES

## Gary D. Greenwald

Gary Greenwald practiced in Columbus, Ohio from 1975 through 2006 where he was the senior litigation partner for the firms of Schottenstein, Zox, & Dunn and Shayne & Greenwald. He has a broad range of experience as a commercial litigator, having tried more than 200 cases in the federal and state courts across the United States. His trial experience includes securities litigation, ERISA breach of fiduciary duty claims, trademark litigation, trade secrecy claims, professional malpractice, and a wide range of contract and real estate disputes. He spent five years as an Adjunct Professor of Trial Practice at the Ohio State University College of Law and has been a frequent speaker on the subject of Employee Stock Ownership Plans ("ESOPs"). He received his B.A. from Miami University and his J.D. from Ohio State University College of Law.



## Amy N. L. Hanson

Amy N. L. Hanson's practice is focused on class action and other complex litigation, including products liability, breach of fiduciary duty, consumer protection, antitrust, and employment protection cases. Ms. Hanson has successfully represented plaintiff classes and individuals on a variety of issues in both state and federal courts, including *Rozema v. Marshfield Clinic,* 977 F. Supp. 1362 (W.D. Wis. 1997) (class action antitrust)*; Wright v. Jeckle,* 104 Wn. App. 478, 16 P.3d 1268 (2001)(class action consumer protection and breach of fiduciary duty), *rev. denied* 144 Wn.2d 1011, 31 P.3d 1185 (2001), *subsequent appeal,* 121 Wn. App. 624, 90 P.3d (2004); *In re CMS Energy ERISA Litig.,* 225 F.R.D. 539 (E.D. Mich. 2004) (class action breach of fiduciary duty)*; and Shaffer v. McFadden,* 155 Wn.2d 1010, 122 P.3d 912, *rev. denied* 155 Wn.2d 1010; 122 P.3d 912 (2005) (jurisdictional and forum selection clause issues).



Ms. Hanson earned her J.D. from the University of Wisconsin, where she began litigating her first class action antitrust case as a 2L with Keller Rohrback L.L.P. through the law school's Consumer Litigation Clinic. She earned her B.A. degree *summa cum laude* in Economics and Political Science from the University of Minnesota. She is licensed to practice in Washington and Wisconsin and in the United States District Court of Western Washington, Eastern Washington, Eastern Michigan, and the Court of Appeals for the Ninth Circuit.

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                www.SeattleClassAction.com



8

# KELLER·ROHRBACK
### LAW OFFICES

# BIOGRAPHIES

## Ron Kilgard



Ron Kilgard is of member of Keller Rohrback P.L.C., based in Phoenix, Arizona. Most notable among the many cases he has litigated is the *Whetman v. IKON Office Solutions, Inc. ERISA Litigation*, MDL No. 1318 (E.D. Pa.), in which Mr. Kilgard served as one of the lead attorneys. The *IKON ERISA Litigation* was one of the leading ERISA 401(k) breach of fiduciary duty class actions in the country, providing landmark published decisions on class certification and other central issues pertaining to ERISA 401(k) breach of fiduciary duty class action litigation. The ERISA issues in the *IKON Securities Litigation*, which were actively litigated for more than three years in the United States District Court for the Eastern District of Pennsylvania, were fundamentally the same as those presented in subsequent ERISA 401(k) litigation against IKON, involving the alleged imprudence of investments in employer securities in the same company's 401(k) plan and materially misleading communications with plan participants related thereto. Mr. Kilgard currently serves in leadership positions in the *Enron ERISA Litigation* and *BellSouth ERISA Litigation*. In addition to his ERISA 401(k) class action expertise, Mr. Kilgard has expertise in complex Chapter 11 bankruptcy litigation and issues, which has proved invaluable in ERISA cases in which defendants also are debtors in bankruptcy.

Mr. Kilgard is a Phoenix native. He received an undergraduate degree from Harvard College and a Master's degree from Harvard Divinity School, concentrating in Hebrew Bible and other ancient Near Eastern languages and literatures (Babylonian-Assyrian, Egyptian, etc.), before returning home to Arizona for law school. Mr. Kilgard graduated from Arizona State as the Editor-In-Chief of the law review and was selected by faculty as the outstanding graduate of his class. Upon earning his law degree, Mr. Kilgard clerked for the Hon. Mary Schroeder on the Ninth Circuit Court of Appeals before entering private practice. In over twenty years of practice, Mr. Kilgard has litigated a broad array of commercial and personal injury/wrongful death cases for both plaintiffs and defendants, including construction cases for Bechtel Corporation, personal injury/ wrongful death cases involving AIDS-tainted blood, insurance bad faith cases, and insurance receivership cases. Mr. Kilgard is asked by courts to serve as a special master in complex or contentious cases requiring individualized management. In recent years he has been extensively involved in litigating ERISA breach of fiduciary duty class action cases, especially those involving issues of company stock. Mr. Kilgard is a frequent speaker at seminars, both for lawyers and judges.

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | info@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                          www.SeattleClassAction.com

KR  9

 **KELLER·ROHRBACK**
L A W   O F F I C E S

# BIOGRAPHIES

## Sarah H. Kimberly

Sarah Kimberly graduated from The George Washington University Law School in 2007. During law school, Sarah was a legal fellow in a community legal clinic and worked as a law clerk in the National Security Section of the United States Attorney's Office for the District of Columbia. Prior to law school, Sarah worked as an editor at a major publishing company in Boston.



## Cari Campen Laufenberg

Cari Campen Laufenberg's practice focuses on complex litigation with an emphasis on ERISA litigation. She has made significant contributions in cases such as *In re Williams Cos. ERISA Litigation*, *In re HealthSouth Corp. ERISA Litigation*, *Woods v. Southern Co.*, *In re Goodyear Tire & Rubber Co. ERISA Litigation* and *In re Marsh ERISA Litigation*. Ms. Laufenberg earned a J.D. and Masters of Public Administration from the University of Washington. During law school, she served as a judicial extern for United States District Court Judge Barbara Jacobs Rothstein. She received her B.A. from the University of California, San Diego in Art History and Criticism. Ms. Laufenberg is admitted to practice in Washington, the United States District Courts for the Western and Eastern Districts of Washington and is a member of the King County Bar Association, the American Bar Association, American Association for Justice and Washington Women Lawyers.



Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com    www.SeattleClassAction.com    KR    10

 **KELLER·ROHRBACK**
L A W   O F F I C E S

## BIOGRAPHIES

### *Elizabeth A. Leland*



Beth Leland's practice focuses on ERISA and securities fraud litigation. She is actively involved in, among other cases, the *Apple Computer Shareholder Derivative Litigation*, *Hansen Natural Corporation Derivative Litigation*, *Scientific-Atlanta Securities Litigation*, and the *Xerox ERISA Litigation*. Ms. Leland has made significant contributions in ERISA and securities cases such as the *Anicom Securities Litigation*, *BellSouth ERISA Litigation*, *Dynegy ERISA Litigation*, *IKON Securities Litigation*, *United Companies Securities Litigation*, and the *Visteon ERISA Litigation*. She is an active member of the King County, Washington State, and American Bar Associations, including the American Bar Association's Section of Labor & Employment Law. She earned her B.A. in Business Administration with concentrations in Finance and Business Economics from the University of Washington and graduated *cum laude* from the University of Puget Sound School of Law. Ms. Leland is admitted to practice in Washington State and Federal Courts, as well as the Ninth and other Circuits across the country.

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                      www.SeattleClassAction.com                    KR  11

 

**KELLER·ROHRBACK**
L A W   O F F I C E S

**BIOGRAPHIES**

### *Tana Lin*



Tana Lin's practice focuses on employment and ERISA litigation. Prior to joining Keller Rohrback's Complex Litigation Group, Ms. Lin practiced as a civil rights attorney and criminal defense lawyer. She began her legal career as a trial attorney with the Public Defender Service for the District of Columbia. She later became a senior trial attorney with the Employment Litigation Section of the Civil Rights Division of the United States Department of Justice and, subsequently, the Chicago District Office of the United States Equal Employment Opportunity Commission. Ms. Lin has prosecuted employment discrimination cases against governmental entities such as the Louisiana State Police and private corporations such as Wal-Mart. Ms. Lin was also the litigation coordinator for the Michigan Poverty Law Program where she developed and implemented impact projects to address systemic problems affecting the poor on issues such as access to public benefits and appropriate educational services. She also served as a co-mediator for federal agency employee disputes through the Interagency Project on Sharing Neutrals. Ms. Lin received her A.B. with Distinction in Government from Cornell University; she earned her J.D. from New York University School of Law, where she was a Root-Tilden-Snow Scholar. She is admitted to practice in the District of Columbia, Illinois, Michigan, and Washington.

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | info@kellerrohrback.com
Keller Rohrback P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                          www.SeattleClassAction.com

KR   12



## KELLER·ROHRBACK
LAW OFFICES

# BIOGRAPHIES

### *Derek W. Loeser*



Derek Loeser is a partner in the firm's Complex Litigation Group. His practice focuses on ERISA class action cases, and he serves as one of the lead counsel in many of the firm's nationally prominent ERISA breach of fiduciary duty class actions. His efforts have contributed to a numerous favorable published decisions and substantial recoveries on behalf of the firm's clients. In addition to his work on cases that have been resolved, including Enron and WorldCom, Mr. Loeser currently is serving in a leadership capacity in several cases, including cases against *AIG, Fremont, Ford,* and *JP Morgan/Chase.* Mr. Loeser is a member of the American Bar Association's Section of Labor & Employment Law and the Employee Benefits Committee as a Plaintiff attorney, and is a frequent speaker at national ERISA conferences. Before joining Keller Rohrback in 2002, he clerked for the Hon. Michael R. Hogan, United States District Court, District of Oregon, and was a trial attorney in the Employment Litigation Section of the Civil Rights Division of the United States Department of Justice in Washington, D.C. Mr. Loeser obtained his B.A. from Middlebury College, where he graduated summa cum laude, with highest departmental honors, and as a member of Phi Beta Kappa. He graduated with honors from the University of Washington School of Law. Mr. Loeser was named in 2007 as a "Super Lawyer" among civil litigators and recognized in 2005 and 2006 as a "Rising Star" by *Washington Law and Politics* magazine in its annual review of the State's legal profession.

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | info@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                    www.SeattleClassAction.com

KR    13

 **KELLER·ROHRBACK**
L A W   O F F I C E S

**BIOGRAPHIES**

## Gretchen S. Obrist



Prior to joining Keller Rohrback, Gretchen Obrist worked for two years as a law clerk to the Hon. John C. Coughenour, United States District Judge for the Western District of Washington in Seattle, where she worked on civil and criminal matters ranging from commercial litigation to employment, civil rights, and constitutional cases to antitrust and securities fraud actions. Ms. Obrist received both her B.S. and her J.D. from the University of Nebraska—Lincoln. She graduated from law school Order of the Coif and was the Editor-in-Chief of the *Nebraska Law Review*. During law school, Ms. Obrist worked at a public defender's office, where she represented clients before the county mental health board and worked on felony proceedings and appeals. She also conducted law and policy analysis and drafted proposed legislation for the Nebraska Domestic Violence Sexual Assault Coalition. Prior to law school, Ms. Obrist worked on legal issues generated by welfare reform at the Nebraska Appleseed Center for Law in the Public Interest, where she assisted project attorneys with individual and class litigation, prepared and delivered testimony to the state legislature, developed educational materials for both welfare clients and the advocacy community, and worked toward system responsiveness to the intersection between poverty and intimate partner violence. Ms. Obrist is licensed to practice in Washington State and is a member of the King County Bar Association, the American Bar Association, and the American Constitution Society.

## Erin M. Riley



Erin Riley's practice focuses on ERISA and breach of fiduciary duty litigation. Ms. Riley graduated *cum laude* from the University of Wisconsin School of Law, where she was a managing editor of the *Wisconsin Law Review*. She received her B.A. in French and History from Gonzaga University, where she graduated *cum laude*. Ms. Riley is licensed to practice in both Washington and Wisconsin, and is a member of the American Bar Association's Section of Labor & Employment Law and the Employee Benefits Committee as a Plaintiff Attorney.

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | info@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com     www.SeattleClassAction.com     KR    14



**KELLER·ROHRBACK**
L A W   O F F I C E S

# BIOGRAPHIES

## Karin B. Swope



Karin Swope practices in the firm's nationally recognized complex litigation group. Prior to joining the firm, Karin litigated complex commercial cases, primarily in the areas of intellectual property, and commercial disputes. She also has significant experience in responding to government enforcement activities, including white collar criminal prosecutions, federal civil enforcement actions, and government investigations, and has counseled clients on internal corporate investigations. She clerked for the Hon. John C. Coughenour, United States District Court, District of Western Washington, and for the Hon. Robert E. Cowen, United States Court of Appeals for the Third Circuit. She earned her B.A. in English and Political Science from Amherst College and her J.D. from Columbia University School of Law , where she was Executive Articles Editor for the *Columbia Human Rights Law Review.*

## Britt L. Tinglum



Britt Tinglum is a partner at Keller Rohrback L.L.P. and has held a leadership role in several nation-wide class actions, including *In re Enron ERISA Litigation*, *In re Ikon Office Solutions, Inc.* and *Lucent Technologies, Inc. ERISA Litigation*, in which her firm was appointed co-lead counsel. Ms. Tinglum is also actively engaged in the prosecution of a variety of other complex class actions, including antitrust and consumer fraud and accounting fraud. She received both her undergraduate and J.D. from the University of Wisconsin.

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                    www.SeattleClassAction.com

KR    15

 **KELLER·ROHRBACK**
LAW OFFICES

# BIOGRAPHIES

## Margaret E. Wetherald



Margie Wetherald is a partner of Keller Rohrback L.L.P. and serves on the firm's executive committee. Throughout her practice, Ms. Wetherald has handled complex litigation in multiple state and federal jurisdictions with a concentration on commercial insurance coverage, breach of fiduciary duty, and class action litigation. Ms. Wetherald has also handled mass tort litigation involving transmission of AIDS to hemophiliacs through blood products, exposure to contaminated groundwater and hepatitis. She received her undergraduate degree from Mount Holyoke College *cum laude* and as a member of Phi Beta Kappa. She graduated from Cornell Law School. Ms. Wetherald taught at the Columbus School of Law at Catholic University in Washington, D.C. from 1983 to 1985. Ms. Wetherald has practiced in Seattle since 1985 with two years in Washington, D.C. from 1992–1994. She is admitted to practice in the United States Supreme Court, the United States Court of Appeals for the Ninth Circuit, the United States District Courts for Eastern and Western Washington and in the State Courts in Washington and Oregon.

## Amy Williams-Derry



Amy Williams-Derry joined Keller Rohrback's Complex Litigation Group in 2005 with an extensive background in federal court and commercial litigation. Ms. Williams-Derry has litigated complex securities, class action, employment, intellectual property, consumer, real property, corporate, and environmental disputes. She has litigated cases at both the trial and appellate levels, and has successfully represented clients in mediation and arbitration settings, including before the National Labor Relations Board, National Association of Securities Dealers, and New York Stock Exchange. She has also served as lead or co-lead counsel in a number of high-profile ERISA actions, including the *In re Polaroid ERISA Litigation*, *In re JP Morgan Chase Cash Balance Litigation*, and *In re Delphi Securities and ERISA Litigation*. For the past five years, Ms. Williams-Derry has been voted a "Rising Star" among civil litigators by Washington Law and Politics magazine in its annual review of the State's legal profession.

Ms. Williams-Derry attended Brown University, where she received her A.B., with honors, in 1993. She received her J.D. from the University of Virginia School of Law in 1998, where she was the Editor-in-Chief of the *Virginia Environmental Law Journal*.

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com          www.SeattleClassAction.com

 16



**BIOGRAPHIES**

**Additional Keller Rohrback attorneys working with the ERISA Litigation Group:**

| | | |
|---|---|---|
| Ian S. Birk | Glen P. Garrison | Isaac Ruiz |
| Stephen R. Boatwright* | Mark A. Griffin | David J. Russell |
| Karen E. Boxx | Irene M. Hecht | Mark D. Samson* |
| John H. Bright | Scott C. Henderson | Frederick W. Schoepflin |
| Jason P. Chukas | Sarah H. Kimberly | William C. Smart |
| Alicia Corbett* | Benjamin J. Lantz | Thomas A. Sterken |
| Shane P. Cramer | Heidi Lantz | Ryan J. Straus |
| Rob J. Crichton | John Mellen | Laurence R. Weatherly |
| Chloethiel W. DeWeese | Robert S. Over | Michael Woerner |
| Maureen M. Falecki | Amy Phillips | Benson D. Wong |
| Daniel S. Friedberg | Lorraine Lewis Phillips | Diana M. Zottman |

*Admitted to practice in the State of Arizona only.

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | info@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                                www.SeattleClassAction.com

KR 17

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT CORREIA, on behalf of himself and all other similarly situated and on behalf of the Polaroid Retirement Savings Plan, ) ) ) ) Plaintiff, ) ) v. ) ) GARY DICAMILLO, CARL LUEDERS, DONALD HALSTED, WILLIAM L. FLAHERTY, JUDITH G. BOYNTON, JOHN W. LOOSE, ALBIN F. MOSCHNER, RALPH Z. SORENSON, BERNEE D.L. STROM, ALFRED M. ZEIEN, MELLON BANK, N.A. BOSTON SAFE DEPOSIT AND TRUST COMPANY and DOES 1-100, ) ) ) ) ) ) ) ) ) ) Defendants. ) ) | Case No. 03 CV 8335 (WHP) |
| JOHN HUDSON, on behalf of himself and all other similarly situated and on behalf of the Polaroid Retirement Savings Plan, ) ) ) ) ) Plaintiff, ) ) v. ) ) BOSTON SAFE DEPOSIT AND TRUST COMPANY, GARY DICAMILLO, WILLIAM L. FLAHERTY, JUDITH G. BOYNTON, DONALD HALSTED, JOHN W. LOOSE, CARL LUEDERS, , MELLON BANK, N.A., ALBIN F. MOSCHNER, RALPH Z. SORENSON, BERNEE D.L. STROM, ALFRED M. ZEIEN, and DOES 1-100, ) ) ) ) ) ) ) ) ) ) ) Defendants. ) | Case No. 03 CV 8976 (WHP) |

OTIS D. POWERS and BRADWORD W.
PIRES, on behalf of themselves and all other
similarly situated and on behalf of the Polaroid
Retirement Savings Plan,

                        Plaintiffs,

      v.

GARY DICAMILLO, WILLIAM L.
FLAHERTY, JOHN W. LOOSE, ALBIN F.
MOSCHNER, RALPH Z. SORENSON,
BERNEE D.L. STROM, ALFRED M. ZEIEN,
and DOES 1-30,

                        Defendants.

Case No. 04 CV 0282 (WHP)

## [PROPOSED] PRETRIAL ORDER NO. 1

WHEREAS, the above-referenced actions allege breaches of fiduciary duties in violation of ERISA involving the Polaroid Retirement Savings Plan (the "Plan"), a retirement plan established and sponsored by Polaroid Corporation ("Polaroid" or the "Company") as a benefit for its employees (collectively, the "ERISA actions"), and such actions involve common questions of law and fact;

WHEREAS, formal consolidation of the ERISA actions for pretrial purposes and appointment of Liaison Counsel and Co-Lead Counsel is appropriate as consistent with the recommendations of the *Manual for Complex Litigation –Fourth* (2003);

WHEREFORE, the Court hereby Orders as follows:

## I.    CONSOLIDATION OF RELATED ACTIONS

1. a).    Certain Defendants are not willing to stipulate at this time to consolidation of the actions for trial, but have stipulated to consolidation for pretrial purposes only. Therefore, at this time the above-captioned ERISA actions and any action arising out of the same operative facts now pending or hereafter filed in or transferred to this Court are hereby consolidated for pretrial purposes only ("Consolidated Action"). They shall be referred to collectively as *In re Polaroid ERISA Litigation*, Master File No. 03 CV 8335 (WHP). This order does not constitute a determination as to whether or not these actions should be consolidated for trial pursuant to Fed. R. Civ. P. 42(a), although the Court will determine later in these proceedings whether such consolidation would be appropriate.

b).    All Defendants shall provide a separate statement to the Court on or before June 1, 2004 as to whether they consent to the consolidation of these actions for all purposes, or whether the issue of such further consolidation will be submitted for judicial determination.

## II.    CAPTION OF CASES

2.    Every pleading filed in the Consolidated Action shall bear the following caption:


### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE POLAROID ERISA LITIGATION | MASTER FILE: 03 CV 8335 (WHP) |
| THIS DOCUMENT RELATES TO: | |

3.    When a pleading or other court paper filed in the Consolidated Action is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above.  When a pleading or other court paper is intended to be applicable to less than all such actions, the party filing the document shall indicate, immediately after the words "THIS DOCUMENT RELATES TO:" the action(s) to which the document is intended to be applicable by last name of the plaintiff(s) and the docket number(s).

## III.    MASTER DOCKET

4.    A Master Docket is hereby established for the Consolidated Action, including actions subsequently consolidated herein pursuant to this Order.  Entries in said Master Docket shall be applicable to the Consolidated Action, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

5.    When a pleading is filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket.  No further copies need be filed nor other docket entries made.

6.    When a paper is filed and the caption shows that it is applicable to fewer than All Actions, the Clerk shall file the original of the paper in the Master File and a copy in the file of each separate action to which it applies and shall note such filing in the Master Docket and in the docket of each separate action. The party filing such paper shall supply the Clerk with sufficient copies of any such paper to permit compliance with this paragraph.

## IV.    MASTER FILE AND SEPARATE ACTION FILES

7.    A Master File is hereby established for the consolidated proceedings in the Consolidated Action. The Master File shall be Civil Action No. 03 CV 8335 (WHP). The original of this Order shall be filed by the Clerk in the Master File herein established. The Clerk shall maintain a separate file for each of the Consolidated Actions and filings shall be made in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order. The Clerk shall file a copy of this Order in each such separate file. The Clerk shall mail a copy of this Order to counsel of record in each of the Consolidated Actions.

## V.    NEWLY FILED OR TRANSFERRED ACTIONS

8.    When a case that arises out of the same operative facts as the Consolidated Action is hereinafter filed in or transferred to this Court, it shall be consolidated with these actions as provided in Section I above and thereafter, the Clerk of this Court shall:

(a)    File a copy of this Order in the separate file for such action;

(b)    Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

(c)    Make the appropriate entry in the Master Docket.

9.    The Law Offices of Curtis V. Trinko, LLP shall assist the Clerk by calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this litigation.

- 3 -

## VI.    APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

10.    This Order shall apply to each proposed class action assigned to the undersigned alleging claims similar to those set forth in these actions and brought on behalf of participants in or beneficiaries of the Polaroid Retirement Savings Plan.  This Order shall apply to each such case which is subsequently filed in or transferred to this Court, and which is assigned to the undersigned, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk mails a copy of this Order to the counsel of that party.  The provisions of this Order shall apply to such action pending the Court's ruling on the application.

11.    Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead or otherwise move with respect to that complaint.  If a plaintiff in any such case is permitted to use a separate complaint, each defendant shall have sixty days from the date the Court grants such permission within which to answer, plead or otherwise move with respect to that complaint.

## VII.    ORGANIZATION OF COUNSEL

12.    The Court designates the following to act as Co-Lead Counsel and as Liaison Counsel for plaintiffs in the Consolidated Action, with the responsibilities hereinafter described:

    a.    As Co-Lead Counsel for Plaintiffs

            Keller Rohrback L.L.P.
            1201 Third Avenue, Suite 3200
            Seattle, Washington 98101
            Telephone: (206) 623-1900
            Facsimile: (206) 623-3384

            Schiffrin & Barroway, L.L.P.
            Three Bala Plaza East, Suite 400
            Bala Cynwyd, PA 190004
            Telephone: (610) 667-7706
            Facsimile: (610) 667-7056

- 4 -

b.　　As Liaison Counsel

> Laws Offices of Curtis V. Trinko, L.L.P.
> 16 West 46th Street, 7th Floor
> New York, NY 10036
> Telephone: (212) 490-9550
> Facsimile: (212) 986-0158

13.　　Liaison Counsel in the Consolidated Action is charged with administrative matters such as receiving and distributing pleadings, notices, orders, motions and briefs, and advising parties of developments in the case.

a).　The service of documents will be made pursuant to the Manuel for Complex Litigation – Fourth (2003).

　　1.　　　　<u>Orders</u>.  A copy of each order will be provided to Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel for distribution as appropriate to other counsel and parties.

　　2.　　　　<u>Pleadings, Motions, and Other Documents.</u>  Plaintiffs' Liaison Counsel will be provided with four (4) copies of each pleading, motion, or other document filed by a party; Defendants' Liaison Counsel will be provided with six (6) copies of each such document. Pursuant to Fed. R. Civ. P. 5, service on liaison counsel constitutes service on other attorneys and parties for whom liaison counsel is acting. Such service shall deemed effective seven days after service on liaison counsel.

14.　　Co-Lead Counsel shall have authority over the following matters on behalf of all plaintiffs in those respective actions: (a) convening meetings of counsel; (b) initiating, responding to, scheduling, briefing, and arguing of all motions; (c) determining the scope, order, and conduct of all discovery proceedings; (d) assigning such work assignments to other counsel

as they may deem appropriate; (e) retaining plaintiffs' experts; (f) proposing selection of Named Plaintiffs for inclusion in any and all Consolidated Amended Complaint(s); (g) designating which attorneys may appear at hearings and conferences with the Court; (h) conducting settlement negotiations with defendants; and (i) other matters concerning the prosecution of or resolution of their respective cases.

15.    Co-Lead Counsel shall have authority to communicate with defendants' counsel and the Court on behalf of all plaintiffs. Defendants' counsel may rely on all agreements made with any one of the Co-Lead Counsel, and such agreements shall be binding.

## VIII.    **COORDINATION**

16.    Co-Lead Counsel shall coordinate activities to avoid duplication and inefficiency in the filing, serving and/or implementation of pleadings, other court papers, discovery papers, and discovery practice.

## IX.    **SCOPE OF ORDER**

17. The terms of this Order shall not have the effect of making any person, firm or entity a party to any action in which he, she or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure. The terms of this Order and the consolidation ordered herein shall not constitute a waiver by any party of any claims in or defenses to any action.

## X.    **PRELIMINARY SCHEDULE OF PROCEEDINGS**

18. Each party who has not already done so shall make available for inspection and copying all Plan-related documents in their possession on or before March 15, 2004: such production shall include those documents under which the Plan is established or operated, and shall also include all Board Minutes and/or Resolutions concerning the appointment, duties and responsibilities of Plan fiduciaries during the Class Period. Such Board Minutes and Resolutions

can be redacted for any non-fiduciary matters.].  To the extent any party does not possess any such documents, such party shall so inform the other parties in writing on or before March 15, 2004.

19. When a production is made, the producing party shall notify all other parties of the production, and make copies of the production available to requesting parties at the requesting parties' reasonable expense for copying and delivery.

20. Subject to the Court's approval, Plaintiffs will not seek other discovery from Defendants without leave of Court and for good cause shown until after motions to dismiss filed by the Defendants per the schedule set forth below are resolved by the Court.

21. All parties shall be notified of any third-party production of documents, which also shall be made available to any party requesting copies of such documents at the requesting parties' expense for copying and delivery.

22. Plaintiffs shall file a Consolidated ERISA complaint on or before April 15, 2004. The consolidated complaint shall be the operative complaint and shall supersede all complaints filed in any of the actions consolidated herein.  Pending filing and service of the consolidated complaint, defendants shall have no obligation to move, answer, or otherwise respond to any of the complaints in the actions consolidated herein or any actions subsequently consolidated with them.

23. Defendants shall answer or otherwise respond to the Consolidated ERISA Complaint on or before June 1, 2004.  If the Defendants move to dismiss they should do so in a single consolidated motion and memorandum.  Plaintiffs shall serve their opposition to any motions brought by Defendants on or before July 12, 2004, and Defendants shall serve their single, consolidated reply,  if any,  on or before July 26, 2004.

      a).  The Court's page limitations on the parties' filings with regard to Defendants'
      motions to dismiss shall be extended to fifty (50) pages for the Defendants'
      Consolidated Memorandum In Support Of Their Motions To Dismiss; fifty (50)

- 7 -

pages for Plaintiffs' Memorandum In Opposition To Defendants' Motions To
Dismiss; and twenty-five (25) pages for Defendants' Consolidated Reply In
Further Support Of Their Motions To Dismiss.

    b).    Oral Argument with regard to Defendants' Motions to Dismiss is
scheduled for 11:00 A.M. on September 17, 2004 in Courtroom 11D, 500 Pearl
Street, New York, New York.  The court has scheduled one and one-half (1 ½ )
hours for this oral argument.

24. The parties will further confer and propose to the Court a mutually agreeable
schedule for discovery and briefing on issues related to class certification subsequent to the
disposition of Defendants' Motions To Dismiss.

SO ORDERED:  3/5/04

WILLIAM H. PAULEY III U.S.D.J.

- 8 -

## SERVICE LIST
## IN RE POLAROID ERISA LITIGATION

**PLAINTIFFS:**

Joseph H. Meltzer, Esq.
Schiffrin & Barroway, LLP
Three Bala Plaza East
Suite 400
Bala Cynwyd, Pennsylvania 19004

**Proposed Lead Counsel For Plaintiffs and the Class**

Lynn Lincoln Sarko, Esq.
Derek W. Loeser, Esq.
Cari Campen Laufenberg, Esq.
Keller Rohrback, LLP
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052

**Proposed Co-Lead Counsel For Plaintiffs and the Class**

Evan J. Smith, Esq.
Brodsky & Smith, LLC
240 Mineola Boulevard
Mineola, New York 11501

**Assisting Counsel For Plaintiffs and the Class**

**DEFENDANTS:**

Emily Frug Klineman, Esq.
Ropes & Gray
One International Place
Boston, Massachusetts 02110-2624

**Attorney for Defendant Gary DiCamillo**

Karen McCarthy, Esq.
McCarthy & Gordon, LLC
701 Washington Street, Suite 100
Newton, Massachusetts 02458

**Attorney for Defendant Carl Lueders**

Eric Mogilnicki
David P. Donovan
Wilmer, Cutler & Pickering
2445 M Street, N.W.
Washington, DC 20037

**Attorneys for Defendant Donald Halsted**

Martha Dye, Esq.
O'Melveny & Myers, LLP
1625 I Street, N.W.
Washington, DC 20006

**Attorney for Defendant William L. Flaherty**

John G. Fabiano, Esq.
Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109

**Attorney for Defendants John W. Loose, Albin F. Moshner,
Ralph Z. Sorenson, Bernee D. L. Strom, and Alfred M. Zein**

Gus P. Coldebella
Goodwin Procter LLP
Exchange Place
Boston, Massachusetts 02109
Tel: (617) 570-1780
Fax: (617) 532-1231

**Attorney for Defendant Judith Boynton**

Peter J. Haley, Esq.
Gordon Haley LLP
101 Federal Street
Boston, Massachusetts 02110-1844

**Attorney for Defendant Merganser Capital Management Corporation**

Christa D. Haas, Esq.
Edward A. Scallet, Esq
Groom Law Group
1701 Pennsylvania Avenue, N.W.
Washington, DC 20006-5881

**Attorney for Defendants Mellon Bank, N.A. and
Boston Safe Deposit and Trust Company**

# EXHIBIT C

Lynn Lincoln Sarko (LS-3700)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
(206) 623-1900
(206) 623-3384 (Fax)

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:                           │
│ DATE FILED: 2-9-05               │
└─────────────────────────────────┘
```

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARBARA C. WALSH, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MARSH & McLENNAN COMPANIES, INC., et al., <br><br> Defendants. | ) <br> ) <br> ) Civ. No. 04 cv 8157 SWK <br> ) ECF Case <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| CHERYL MADDOX, on Behalf of Herself and a Class of Persons Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MARSH & McLENNAN COMPANIES, INC., et al., <br><br> Defendants. | ) <br> ) <br> ) Civ. No. 04 cv 8311 SWK <br> ) ECF Case <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

[ADDITIONAL CAPTIONS APPEAR FOLLOWING SIGNATURE BLOCKS]

**RENZI PLAINTIFFS'** ████████ **PRETRIAL ORDER 1:**
**CONSOLIDATING ACTIONS, APPOINTING INTERIM LEAD PLAINTIFFS AND**
**ESTABLISHING LEADERSHIP STRUCTURE**

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:                           │
│ DATE FILED:                      │
└─────────────────────────────────┘
```

1

WHEREAS, the above-referenced actions allege breaches of fiduciary duties in violation of the Employee Retirement Income Security Act ("ERISA") involving the Marsh & McLennan Companies Stock Investment Plan and the Putnam Investments Profit Sharing Plan (collectively the "Plans"), retirement plans established and sponsored by Marsh & McLennan Companies Inc. ("MMC" or "Marsh") and/or Putnam Investments, Inc. as a benefit for their employees (collectively, the "ERISA actions"), and such actions involve common questions of law and fact;

WHEREAS, appointment of Lead Plaintiffs, a Lead Counsel/Chair of an ERISA Executive Committee, an ERISA Executive Committee, and Liaison Counsel is appropriate and consistent with the recommendations of the *Manual for Complex Litigation* (4th ed. 2004) and Fed. R. Civ. P. 23(g)(2);

NOW, THEREFORE, THE COURT ORDERS as follows:

## I. CONSOLIDATION OF RELATED ACTIONS

The above-captioned ERISA actions and any action arising out of the same operative facts now pending or hereafter filed in or transferred to this Court are hereby consolidated pursuant to Fed. R. Civ. P. 42(a) ("Consolidated Action"). They shall be referred to collectively as *In re Marsh ERISA Litigation*, Master File No. 04-cv-8157.

## II. CAPTION OF CASES

Every pleading filed in the Consolidated Action shall bear the following caption:

### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MARSH<br>ERISA LITIGATION | ) <br> ) <br> ) <br> )    MASTER FILE: 04 cv 8157 <br> ) |
| THIS DOCUMENT RELATES TO: | ) <br> ) <br> ) <br> ) |

2

When a pleading or other court paper filed in the Consolidated Action is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above. When a pleading or other court paper is intended to be applicable to less than all such actions, the party filing the document shall indicate, immediately after the words "THIS DOCUMENT RELATES TO:" the action(s) to which the document is intended to be applicable by last name of the plaintiff(s) and the docket number(s).

## III. MASTER DOCKET

A Master Docket is hereby established for the Consolidated Action, including actions subsequently consolidated herein pursuant to this Order. Entries in said Master Docket shall be applicable to the Consolidated Action, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

When a pleading is filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket. No further copies need be filed nor other docket entries made.

When a paper is filed and the caption shows that it is applicable to fewer than All Actions, the Clerk shall file the original of the paper in the Master File and a copy in the file of each separate action to which it applies and shall note such filing in the Master Docket and in the docket of each separate action. The party filing such paper shall supply the Clerk with sufficient copies of any such paper to permit compliance with this paragraph.

## IV. MASTER FILE AND SEPARATE ACTION FILES

A Master File is hereby established for the consolidated proceedings in the Consolidated Action. The Master File shall be Civil Action No. 04 cv 8157. The original of this Order shall be filed by the Clerk in the Master File herein established. The Clerk shall maintain a separate

3

file for each action consolidated herein and filings shall be made in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order. The Clerk shall file a copy of this Order in each such separate file. The Clerk shall mail a copy of this Order to counsel of record in each of the actions consolidated herein.

### V. NEWLY FILED OR TRANSFERRED ACTIONS

When a case that arises out of the same operative facts as the Consolidated Action is hereinafter filed in or transferred to this Court, it shall be consolidated as provided in Section I above and the Clerk of this Court shall:

(a)    File a copy of this Order in the separate file for such action;

(b)    Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

(c)    Make the appropriate entry in the Master Docket.

The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this litigation.

### VI. APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

This Order shall apply to each class action assigned to the undersigned alleging claims similar to those set forth in these actions and brought on behalf of participants in or beneficiaries of the Plans (as defined above). This Order shall apply to each such case which is subsequently filed in or transferred to this Court, and which is assigned to the undersigned, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the

date on which the Clerk mails a copy of this Order to the counsel of that party. The provisions of this Order shall apply to such action pending the Court's ruling on the application.

Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead or otherwise move with respect to that complaint. If a plaintiff in any such case is permitted to use a separate complaint, each defendant shall have thirty days from the date the Court grants such permission within which to answer, plead or otherwise move with respect to that complaint.

## VII. APPOINTMENT OF INTERIM LEAD PLAINTIFFS

The Court appoints Plaintiffs Carol Renzi, Donald Hundley, Conrad Simon and Kristina Schatz as Interim Lead Plaintiffs in the above-captioned actions and all subsequently filed related actions consolidated herewith. The Court shall make a final determination regarding the identity of Lead Plaintiffs/Class Representatives on Plaintiffs' motion for class certification, or otherwise as the Court deems necessary and appropriate. The Lead Counsel/Chair of the Executive Committee as identified below may identify different or additional Lead Plaintiffs/Class Representatives at such time as they move for class certification in this litigation.

## VIII. APPOINTMENT OF ERISA EXECUTIVE COMMITTEE UNDER DIRECTION OF LEAD COUNSEL/CHAIR, KELLER ROHRBACK L.L.P

The Court designates the following to act as Lead Counsel and Chair of an ERISA Executive Committee for the Plaintiffs in the above-captioned actions and all subsequently filed related actions consolidated herewith, with the responsibilities hereinafter described:

> Lynn Lincoln Sarko
> **Keller Rohrback L.L.P.**

The Lead Counsel/Chair of the ERISA Executive Committee shall have the authority over the following matters on behalf of all plaintiffs in the Consolidated Action in consultation with Lead Plaintiffs:

(a) directing, coordinating, and supervising the prosecution of plaintiffs' claims in the Consolidated Action;

(b) presiding over meetings of the ERISA Executive Committee and having the responsibility for the orderly and efficient functioning of the ERISA Executive Committee;

(c) assigning work to plaintiffs' counsel on the ERISA Executive Committee or otherwise as noted in (d) below;

(d) appointing working committees (e.g., "Discovery Committee") of plaintiffs' counsel who will (1) assist in the conduct of the litigation, and (2) consult with the Lead Counsel/Chair on all litigation matters and the performance of such work assignments as are delegated to them by the Lead Counsel/Chair;

(e) retaining experts;

(f) communicating with the court;

(g) communicating with defense counsel;

(h) conducting settlement negotiations;

(i) collecting and reviewing time and expense records from all plaintiffs' counsel;

(j) maintaining communication and promoting efficient and harmonious dealings among all plaintiffs' counsel; and

(k) coordinating activities to avoid duplication and inefficiency in the filing, serving and/or implementation of pleadings, other court papers, discovery papers, and discovery practice, and, generally, in the litigation.

In addition to Keller Rohrback L.L.P., the members of the Executive Committee shall include:

Robert Izard (member)
**Schatz & Nobel, P.C.**

6

Marc Machiz (member)
**Cohen, Milstein, Hausfeld & Toll, P.L.L.C.**

**Goodkind Labaton Rudoff & Sucharow LLP (member)**
(which shall also serve, as noted below, as liaison counsel)

With respect to the above duties, and any other matter pertaining to the lawsuit, the actions of Executive Committee members shall be directed by Keller Rohrback L.L.P. as Lead Counsel/Chair of the Executive Committee. The Lead Counsel/Chair shall direct the Executive Committee members in such manner as to ensure the effective, and efficient prosecution of the lawsuit, and without duplication of effort.

No motion shall be initiated or filed on behalf of any plaintiff in the Consolidated Action except through the ERISA Executive Committee at the direction of the Lead Counsel/Chair.

All plaintiffs' counsel shall keep contemporaneous time and expense records, and shall provide such records upon request to the Lead Counsel/Chair and the Court.

The Executive Committee is appointed interim lead counsel for the putative plaintiff class(es) pursuant to Rule 23(g)(2)(A) of the Federal Rules of Civil Procedure in the above-captioned cases.

## IX. APPOINTMENT OF LIAISON COUNSEL

The Court designates the following to act as Liaison Counsel for the Plaintiffs in the above-captioned actions and all subsequently filed related actions consolidated herewith, with the responsibilities hereinafter described:

**Goodkind Labaton Rudoff & Sucharow LLP**
100 Park Avenue
New York, NY 10017

The Liaison Counsel shall serve as a member of the Executive Committee. Plaintiffs' Liaison Counsel shall act at the direction of the Lead Counsel/Chair of the ERISA Executive

Committee. Plaintiffs' Liaison Counsel shall assist the Lead Counsel/Chair and the ERISA

Executive Committee in facilitating coordination and communications among counsel for the

parties and with the Court and otherwise assist in the coordination of discovery, presentations at

pretrial conferences and other pretrial activities.

Defendants may satisfy their service obligations as to all of plaintiffs' counsel under Fed.

R. Civ. P. 5(a) by serving the Lead Counsel/Chair of the ERISA Executive Committee and

Liaison Counsel.

### X. SCOPE OF ORDER

The terms of this Order shall not have the effect of making any person, firm or entity a

party to any action in which he, she or it has not been named, served or added as such in

accordance with the Federal Rules of Civil Procedure. The terms of this Order and the

consolidation ordered herein shall not constitute a waiver by any party of any claims or defenses

to any action.

### XI. PRELIMINARY SCHEDULE OF PROCEEDINGS

To the extent that they have not already done so, the Lead Counsel/Chair of the ERISA

Executive Committee and counsel for the Defendants shall confer regarding the timing of

Plaintiffs' Consolidated Complaint and Defendants' response thereto, and shall submit a

proposed schedule for the Court's approval. As it is in the interest of all parties that only the

proper parties are named in the consolidated complaint, the parties should also discuss the initial

production of core ERISA documents and information that would enable Plaintiffs to accurately

identify the specific persons who serve as plan fiduciaries. Core ERISA documents include, but

are not limited to, Plan documents and materials that describe the operation, administration, and

management of the Plan; documents that identify the Plan fiduciaries and describe the scope of

their fiduciary duties; and board or committee minutes and/or resolutions that pertain to the Plan

8

and show the appointment or removal of Plan fiduciaries or otherwise demonstrate the fiduciary function of the board or any committee.

The Consolidated Complaint shall be the operative complaint and shall supercede all complaints filed in any of the actions consolidated herein. Pending filing and service of the Consolidated Complaint, Defendants shall have no obligation to move, answer, or otherwise respond to any of the complaints in the above-captioned actions herein or any actions subsequently consolidated with them.

The Lead Counsel/Chair of the Executive Committee and defense counsel also shall confer regarding the timing and schedule for briefing of any motion by any defendants directed at the consolidated complaint, and shall submit a proposed schedule for the Court's approval.

The same counsel shall further confer and propose to the Court a mutually agreeable schedule for briefing on issues related to class certification.

Dated: _February    8_____, 2005.


_____
United States District Judge Shirley W. Kram

9

ANDREW TSIROPINAS, Individually and on
Behalf of All Others Similarly Situated,

     Plaintiff,

v.

PUTNAM, LLC, et al.,

     Defendants.

Civ. No. 04 cv 8398 SWK
ECF Case

CAROL RENZI, Individually and on Behalf of
All Others Similarly Situated,

     Plaintiff,

v.

MARSH & McLENNAN COMPANIES, INC.,
et al.,

     Defendants.

Civ. No. 04 cv 8399 SWK

LAURA JORDAN, on Behalf of Herself and
All Others Similarly Situated,

     Plaintiff,

v.

MARSH & McLENNAN COMPANIES, INC.,
et al.,

     Defendants.

Civ. No. 04 cv 8409 SWK
ECF Case

DONNA SCHUELE, on Behalf of Herself and )
All Others Similarly Situated and on Behalf of )
the Marsh & McLennan Companies Stock ) Civ. No. 04 cv 8430 SWK
Investment Plan, ) ECF Case
                             )
      Plaintiff, )
                             )
      v. )
                             )
MARSH & McLENNAN COMPANIES, INC., )
et al., )
                             )
      Defendants. )
                             )

ANDREA CAMPAGNUOLO and CHARLES )
E. WIGHT, on Behalf of a Class and All Others )
Similarly Situated, ) Civ. No. 04 cv 8458 SWK
) ECF Case
      Plaintiffs, )
                             )
      v. )
                             )
MARSH & McLENNAN COMPANIES, INC., )
et al., )
                             )
      Defendants. )
                             )

CHRISTINE CORREA, on Behalf of Herself )
and a Class of Persons Similarly Situated, )
) Civ. No.  04 cv 8519 SWK
      Plaintiff, ) ECF Case
                             )
      v. )
                             )
MARSH & McLENNAN COMPANIES, INC., )
et al., )
                             )
      Defendants. )
                             )

11

CONRAD J. SIMON, JR., PATRICIA T. )
BYRNES, BETH ANN THOMAS, WILLIAM )
M. GOLD and MANUAL G. SAMUDIO, on ) Civ. No. 04 cv 8586 SWK
Behalf of the Marsh & McLennan Companies ) ECF Case
Stock Investment Plan and the Putnam )
Investments Profit Sharing Retirement Plan, and )
on Behalf of a Class of Similarly Situated )
Individuals, )
                                      )
       Plaintiffs, )
                                        )
       v. )
                                        )
MARSH & McLENNAN COMPANIES, INC., )
et al., )
                                        )
       Defendants. )
                                        )

LOUISE HARKINSON, on Behalf of Herself )
and a Class of Persons Similarly Situated, )
                                        ) Civ. No. 04 cv 8716 SWK
       Plaintiffs, ) ECF Case
                                        )
       v. )
                                        )
MARSH & McLENNAN COMPANIES, INC., )
et al., )
                                        )
       Defendants. )
                                        )

DAYNA ROBERTS, on Behalf of Herself and )
All Others Similarly Situated, )
                                        ) Civ. No. 04 cv 8717 LAP
       Plaintiffs, ) ECF Case
                                        )
       v. )
                                        )
MARSH & McLENNAN COMPANIES, INC., )
et al., )
                                        )
       Defendants. )
                                        )

| | |
|---|---|
| KRISTINA SCHATZ, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>      v.<br><br>MARSH & McLENNAN COMPANIES, INC., et al.,<br><br>      Defendants. | )<br>)<br>) Civ. No. 04 cv 8783 SWK<br>) ECF Case<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| THOMAS STRANGE, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>      v.<br><br>MARSH & McLENNAN COMPANIES, INC., et al.,<br><br>      Defendants. | )<br>)<br>) Civ. No. 04 cv 8809 SWK<br>) ECF Case<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| BRIAN A. DUKE, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>      v.<br><br>MARSH & McLENNAN COMPANIES, INC., et al.,<br><br>      Defendants. | )<br>)<br>) Civ. No. 04 cv 9090 SWK<br>) ECF Case<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

| | |
|---|---|
| ARIEL NELSON, on Behalf of Himself, the Marsh & McLennan Companies Stock Investment Plan, and a Class of Persons Similarly Situated, | ) ) ) Civ. No. 04 cv 9522 SWK ) ECF Case ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| MARSH & MCLENNAN COMPANIES, INC., et al., | ) ) ) |
| Defendants. | ) |

14

# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

IN RE:
WILLIAMS COMPANIES
ERISA LITIGATION

Case Nos. 02-CV-153-H(M)
**(Lead Case)**

**F I L E D**

02-CV-159-H(M)
02-CV-285-H(M)
02-CV-289-H(C)

OCT 2 8 2002

Phil Lombardi, Clerk
U.S. DISTRICT COURT

## ORDER

This matter comes before the Court on the parties' motions to appoint lead plaintiffs and lead counsel.[1]  The Court heard argument on the parties' motions at a hearing on August 16, 2002.  In accordance with the Court's instructions at the hearing, the parties submitted additional briefing on the following issues:  (1) responsibilities of lead and liaison counsel; and (2) compensation structure for lead counsel and liaison counsel.  The parties also submitted a Joint Status Report (Docket No. 44), on August 26, 2002, outlining the parties' agreed proposed schedule for certain pretrial dates.

---

[1]  On August 14, 2002, the Court ordered the consolidation of Case Nos. 02-CV-153-H(M), 02-CV-159-H(M), 02-CV-285-H(M) and 02-CV-289-H(C), and directed all future pleadings to be filed in Case No. 02-CV-153-H(M).  Before the entry of the Court's consolidation order (Docket No. 41), the parties filed the following motions for the appointment of lead plaintiff and lead counsel:

- Plaintiffs' Joint Motion for (1) Consolidation and Other Case Management Procedures; and (2) Appointment of Co-Lead Plaintiffs and Approval of Their Selection of Lead Counsel and Brief in Support (Case No. 02-CV-153, Docket No. 3; and Case No. 02-CV-159, Docket No. 5), filed on March 29, 2002;
- Brief in Opposition to the Van Nes/Nelson Joint Motion for (1) Consolidation and (2) Appointment of Co-Lead Plaintiffs and In Support of Cross-Motion and Brief for (1) Consolidation and (2) Entry to Separate Pretrial Order (Case No. 02-CV-285, Docket No. 2), filed April 19, 2002; and
- Motion for Appointment as Lead Plaintiffs and In Opposition to the Motions Filed by Phillip Nelson and Emily Van Ness (Case No. 02-CV-153, Docket No. 27; Case No. 02-CV-159, Docket No. 18; Case No. 02-CV-285, Docket No. 26; and Case No. 02-CV-289, Docket No. 20), filed on July 9, 2002.

Pursuant to the entry of this order, these motions are hereby denied as moot.



The Court has carefully reviewed the briefs submitted by the lead plaintiff movants, and, for the reasons set forth below, hereby orders the appointment of Karen Raider, Michael J. Van Sickle, and Kristine Zeigler as lead plaintiffs. The Court further orders the appointment of Lynn Sarko of Keller Rohrback, LLP ("Keller Rohrback") as lead counsel on behalf of the class, and Marc I. Machiz of Cohen, Milstein, Hausfeld & Toll ("Cohen, Milstein") as associate counsel on behalf of the class. The Court holds in abeyance the appointment of liaison counsel.

I

The Court finds that proposed lead plaintiffs Ms. Raider, Mr. Van Sickle, and Ms. Zeigler adequately represent the interests of the putative class.[2] The Court is not aware of any interests of these proposed lead plaintiffs that are atypical of or antagonistic to those of the class. Thus, the Court hereby orders the appointment of Ms. Raider, Mr. Van Sickle, and Ms. Zeigler as lead plaintiffs.

II

The Court finds that the structuring of multiple plaintiffs' counsel is essential to avoid unnecessary costs and duplicative activity by counsel for the consolidated putative class. See Howard B. Newberg and Alba Conte, Newberg on Class Actions § 9.06, at 9-14 (3d ed. 1992). Pursuant to Federal Rule of Civil Procedure 42(a), the Court "may make such orders concerning

---

[2] The Court declines to undertake, at this stage of the litigation, a detailed analysis regarding whether the proposed lead plaintiffs satisfy the requirements of Fed. R. of Civ. P. 23. Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are met: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Many courts agree, however, that a "wide-ranging analysis under Rule 23 is not appropriate and should be left for consideration of a motion for class certification. This inquiry, therefore, focuses on the qualities of the class representatives enumerated in Rule 23(a)(3) and 23(a)(4)." Lax, 1997 WL 461036, at *6 (internal quotations omitted); see also Microstrategy, 110 F. Supp. 2d 427; Aronson, 79 F. Supp. 2d at 1158 (citations omitted) (holding that, at the lead plaintiff appointment stage, "all that is required is a 'preliminary showing' that the lead plaintiff's claims are typical and adequate.").



proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a); see also Fed. R. Civ. P. 16(c)(16) (explaining that the Court may hold conferences on and take appropriate action with respect to any matters that "may facilitate the just, speedy, and inexpensive disposition of the action").

The appointment of separate lead counsel, liaison counsel, or executive committees for plaintiffs is an issue that is directed to the sound discretion of the trial court so that it may exercise its inherent managerial powers. See In re Air Crash Disaster at Florida Everglades, 549 F.2d 1006, 1014 (5th Cir. 1977) ("It is not open to serious question that a federal court in a complex, consolidated case may designate one attorney or set of attorneys to handle pre-trial activity on aspects of the case where the interests of all co-parties coincide."); In re Joint E. and S. Dists. Asbestos Litig., 132 F.R.D. 332, 333 (S.D.N.Y. 1990) ("[T]he court has power to act prior to addressing the merits of the class certification motion; it may appoint counsel to represent the proposed class.").

In appointing lead counsel, "the overriding interest of the Court . . . is the vigorous protection of the rights of the . . . class." United States Trust Co. of New York v. Alpert, 163 F.R.D. 409, 423 (S.D.N.Y. 1995) (quoting Percodani v. Riker-Maxson Corp., 51 F.R.D. 26 (S.D.N.Y. 1970)). Courts generally consider:

> the attorney's experience; the attorney's skills and acumen; the attorney's resources, including staff; the attorney's reputation in the field; and the attorney's performance through the litigation to date. In addition, counsel's adequate representation of a class in the past is good evidence that she will adequately represent the class now.

United States Trust Co., 163 F.R.D. at 422-23 (citations omitted). Attorneys who are appointed or approved by the court to serve as designated counsel must have the "resources, commitment, and the qualifications to accomplish the assigned tasks." Manual for Complex Litigation (Third) § 20.224 (1995).

3

The Court finds that the lead counsel proposed by Ms. Raider, Mr. Van Sickle, and Ms. Zeigler, Keller Rohrback, is experienced and qualified counsel who is generally able to conduct the litigation as lead counsel on behalf of the putative class. Keller Rohrback has significant experience in ERISA litigation, serving as co-lead counsel in the Enron ERISA litigation, the Lucent ERISA litigation, and the Providian ERISA litigation, and experience in complex class action litigation in other areas of the law. Mr. Sarko's presentation at the August 16, 2002 hearing before the Court evidences Keller Rohrback's ability to adequately represent the class. Moreover, Keller Rohrback has represented to the Court that the firm is "prepared to be the anchor for funding this litigation," indicating the financial commitment and resources necessary to prosecute the action on behalf of the class. For these reasons, the Court hereby appoints Keller Rohrback as lead counsel for the putative class.

Likewise, the Court finds that Cohen, Milstein is also qualified and experienced counsel with significant leadership experience in complex class action litigation. The Court further finds that Mr. Machiz, as the former chief ERISA lawyer for the Department of Labor ("DOL"), responsible for all ERISA enforcement litigation on behalf of the DOL, can provide valuable ERISA expertise for the benefit of the class. Moreover, the Court finds that the mutual respect and cooperation between Keller Rohrback and Cohen, Milstein, which was demonstrated at the August 16, 2002 hearing before the Court, makes Cohen, Milstein particularly suitable to serve as associate counsel under the direction of Keller Rohrback. For these reasons, the Court hereby appoints Cohen, Milstein as associate counsel for the putative class.

Certain lead plaintiff movants have proposed the creation of a steering committee of law firms or, alternatively, a larger panel of associate counsel. The Court, however, finds that, under the circumstances of this case, the interests of the putative class will be adequately represented through the appointment of lead counsel and associate counsel, without the need for additional

4

counsel at this time.[3]  See Manual for Complex Litigation (Third) § 20.22 (1995) ("Because the appointment of committees of counsel can lead to substantially increased costs, they should not be made unless needed."); see also United States Trust Co. of New York v. Alpert, 163 F.R.D. 409 (S.D.N.Y. 1995) (declining to appoint co-lead counsel where lead counsel possessed the ability commitment and resources to prosecute the action and where it "would only cost the class members additional fees and expenses and further deplete [any recovery]"); In re "Agent Orange" Prod. Liab. Litig., 534 F. Supp. 1046, 1052-53 (E.D.N.Y. 1982) (declining to appoint steering committee where lead counsel was qualified, willing, and capable of prosecuting the claims).

III

A. Responsibilities of Lead Counsel

Keller Rohrback, as lead counsel, shall direct and coordinate the prosecution of Plaintiffs' claims in the consolidated action and shall be responsible for ensuring that the case is effectively and efficiently prosecuted on behalf of the putative class.  In this regard, Keller Rohrback shall have the responsibility of:

1.  Determining the scope, order and conduct of all discovery proceedings;

2.  Assigning work to associate counsel and liaison counsel as appropriate;

3.  Initiating, responding to, briefing, and arguing dispositive motions;

4.  Retaining experts;

5.  Conducting settlement negotiations; and

6.  Collecting detailed time and expense records from all plaintiffs' counsel.

Keller Rohrback shall communicate directly with lead plaintiffs and also with members of the putative class.  Keller Rohrback shall provide the putative class regular updates, including

---

[3]  Although the Court anticipates appointing liaison counsel in this litigation, the designation of such counsel is currently held in abeyance.

copies of key filings and all court orders in the case. Keller Rohrback is ultimately responsible for ensuring that the putative class has the financial and legal resources to litigate this case to conclusion.

### B. Responsibilities of Associate Counsel

Cohen, Milstein, as associate counsel, shall assist and act at the direction of Keller Rohrback in the conduct of the litigation. Cohen, Milstein shall be responsible for consulting with Keller Rohrback on all assigned litigation matters and the performance of such work assignments as delegated by Keller Rohrback. Delegated tasks may include, for example, reviewing and reporting on certain documents, filing and arguing certain motions, preparing and defending certain groups of fact and expert witnesses, researching and briefing issues relating to dispositive motions, analyzing and briefing any disputes regarding insurance coverage, preparing documents and witness for trial, presenting evidence at trial.

### C. Responsibilities of Liaison Counsel

Once appointed, liaison counsel shall assist and act under the direction of Keller Rohrback in the conduct of the litigation. Liaison counsel, like associate counsel, shall be responsible for consulting with Keller Rohrback on all assigned litigation matters and the performance of such delegated work assignments. In addition to any such delegated tasks, liaison counsel shall also have the specific responsibility on behalf of Plaintiffs for:

1. Serving as the primary interface with the Court, particularly with regard to the Court-administered settlement process;

2. Communicating with the Court and other counsel, including receipt and distribution of notices, orders and motions on behalf of the leadership structure;

3. Handling hearings before the Magistrate Judge regarding discovery and certain emergency matters; and

4. Coordinating with lead counsel in resolving scheduling conflicts.

6

IV

The Court recognizes that any compensation that might be awarded to Plaintiffs' counsel, if successful in this litigation, must be determined by the Court to be fair and appropriate at the time the case is resolved. The proposed compensation structures of the lead plaintiff movants, however, will inform any future determination by the Court of reasonableness. In this regard, designated counsel shall render services as economically as possible under the circumstances. Counsel should limit the number of persons attending conferences and depositions, writing briefs, and performing other tasks. Compensation will not be approved for unnecessary or duplicative activities or services. In this regard, the Court hereby directs all counsel, whether lead counsel, associate counsel, or liaison counsel, to keep detailed time records in order that, if necessary, the Court may review the time spent and the tasks engaged in by each counsel.

Keller Rohrback and Cohen, Milstein have proposed to the Court that costs be reimbursed on a "special reduced basis." Specifically, Keller Rohrback and Cohen, Milstein proposed the following:

(1) Reducing their normal in-house copying charges to 15 cents per page;

(2) Billing at cost all telephone, telecopy, audiovisual, exhibit materials, and document imaging charges;

(3) Charging only "coach," and not first or business class airfare;

(4) Absorbing all secretarial and clerical overtime without cost to the class;

(5) Booking travel, meal and hotel accommodations on an economical basis; and

(6) Carefully negotiating transcript costs.

The Court finds that such commitments to cost savings are in the best interest of the putative class, and thus hereby orders that the costs incurred by counsel conform to the above proposed "special reductions."

7

V

On August 26, 2002, the parties filed a Joint Status Report, which included a proposed schedule that would govern the timing of submissions following the entry of the Court's order appointing lead plaintiff and lead counsel. Pursuant to the appointment of Ms. Raider, Mr. Van Sickle, and Ms. Zeigler as lead plaintiffs and Keller Rohrback as lead counsel on behalf of the putative class, and in accordance with the parties' proposed schedule, the Court hereby sets the following schedule:

| | |
|---|---|
| Plaintiffs to provide Defendants with a list of requested documents to be produced by Defendants in accordance with Fed. R. Civ. P. 26(a): | November 4, 2002 |
| Parties to produce documents pursuant to Fed. R. Civ. P. 26(a); Defendants to file motion regarding discovery/ protective order regarding certain documents: | November 18, 2002 |
| Plaintiffs to respond to Defendants' motion regarding discovery/protective order: | December 9, 2002 |
| Plaintiffs to file consolidated amended complaint: | December 12, 2002 |
| Plaintiffs to file motion to certify the class: | January 6, 2003 |
| Defendants to file motion pursuant to Fed. R. Civ. P. 12(b)(6): | January 27, 2003 |
| Plaintiffs to respond to Defendants' motion pursuant to Fed. R. Civ. P. 12(b)(6): | February 26, 2003 |
| Deadline for Defendants to complete discovery regarding class certification: | March 7, 2003 |

8

| | |
|---|---|
| Defendants to reply regarding motion pursuant to Fed. R. Civ. P. 12(b)(6): | March 28, 2003 |
| Defendants to respond to Plaintiffs' motion to certify the class: | April 7, 2003 |
| Hearing on Defendants' motion pursuant to Fed. R. Civ. P. 12(b)(6): | April 11, 2003, at 2:30 p.m. |
| Plaintiffs to reply regarding motion to certify the class: | May 7, 2003 |
| Hearing on Plaintiffs' motion to certify the class: | May 16, 2003, at 9:30 a.m. |

The Court hereby refers to Magistrate Judge Paul J. Cleary the parties' request for a settlement conference to be scheduled as soon as practicable after May 15, 2003.

IT IS SO ORDERED.

This 28TH day of October, 2002.

Sven Erik Holmes
United States District Judge

9

# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
IN RE WORLDCOM, INC. ERISA LITIGATION     :        MASTER FILE
                                          :     02 Civ. 4816 (DLC)
                                          :
This Document Relates to: All Actions     :
                                          :         ORDER
                                          :
                                          :
                                          :
------------------------------------------X

DENISE COTE, District Judge:

    As set forth at a conference on November 18, 2002, it is
hereby

    ORDERED as follows:

    1.    Stephen Vivien, Gail M. Grenier, and John T. Alexander
are appointed Lead Plaintiffs.

    2.    Keller Rohrback, L.L.P. shall serve as Lead Counsel for
all plaintiffs in the above-captioned actions.  Jeffrey Lewis of
Lewis & Feinberg, P.C. and Elizabeth J. Cabraser of Lieff
Cabraser Heimann & Bernstein, L.L.P. shall serve as members of
the plaintiffs' Steering Committee.  Stull, Stull & Brody shall
serve as local counsel.

    3.    Lead Counsel shall have the following responsibilities:

          a.    Sign any consolidated complaint, motions, briefs,
    discovery requests, objections, stipulations, or notices on
    behalf of plaintiffs for any matters arising during pretrial
    proceedings;

          b.    Chair and participate in meetings of the Steering
    Committee;

1

     c.   Conduct all pretrial proceedings on behalf of plaintiffs;

     d.   Brief and argue motions;

     e.   Initiate and conduct discovery;

     f.   Speak on behalf of plaintiffs at any pretrial conference;

     g.   Employ and consult with experts;

     h.   Conduct settlement negotiations with defense counsel on behalf of plaintiffs;

     i.   Call meetings of plaintiffs' counsel;

     j.   Accept service on behalf of all plaintiffs; and

     k.   Distribute to all plaintiffs' counsel copies of all notices, orders, and decisions of the Court; maintain an up-to-date list of counsel available to all plaintiffs' counsel on request; keep a complete file of all papers and discovery materials filed or generated in the Consolidated Actions which shall be available to all plaintiffs' counsel at reasonable hours.

4.   Members of the Steering Committee shall be available for conferences with Lead Counsel to consult and advise on strategy and, at the option of lead counsel, to participate in settlement negotiations.

5.   Plaintiffs shall file a consolidated amended complaint for the Consolidated Actions and any actions subsequently consolidated with them on or before December 20, 2002.

6.    Defendants shall answer or move on or before January 17, 2003.   If a motion is filed, plaintiffs shall submit their opposition on or before February 7, 2003.   Defendants shall reply on or before February 14, 2003.   At the time the reply is served, defendants shall supply two courtesy copies of all motion papers to Chambers by delivering them to the Courthouse Mailroom, 8th Floor, United States Courthouse, 500 Pearl Street, New York, New York.

SO ORDERED:

Dated:     New York, New York
           November 18, 2002

_____
                    DENISE COTE
        United States District Judge

Copies sent to:

Lynn Sarko
Keller Rohrbach, LLP
1201 Third Avenue, 32nd Floor
Seattle, WA 98101

PLEASE IMMEDIATELY SEND COPIES TO ALL COUNSEL