UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DREW V. LOUNSBURY**, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) **CIVIL ACTION NO.08- CV-** |
| v. | ) **3326(RWS)** |
| | ) ) |
| **THE BEAR STEARNS COMPANIES INC., JAMES E. CAYNE, ALAN C. GREENBERG, ALAN D. SCHWARTZ, PAUL A. NOVELLY, FRANK T. NICKELL, FREDERIC V. SALERNO, VINCENT TESE and JOHN DOES 1-10,** | ) ) ) **CLASS ACTION** ) ) ) |
| Defendants. | ) ) ) |

| | |
|---|---|
| **AARON HOWARD**, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) |
| v. | ) **CIVIL ACTION NO. 08-Civ. 2804** ) **(VM)** |
| | ) |
| **THE BEAR STEARNS COMPANIES INC., THE BEAR STEANS COMPANIES INC. EXECUTIVE COMMITTEE, JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG and JOHN DOES 1-10,** | ) ) ) **CLASS ACTION** ) ) ) ) |
| Defendants. | ) |

| | |
|---|---|
| ESTELLE WEBER, Individually and on behalf of Bear Stearns Companies Inc. Employee Stock Ownership Plan, and all Others Similarly Situated,<br><br>                          **Plaintiff,**<br>      v.<br><br>THE BEAR STEARNS COMPANIES INC., CUSTODIAL TRUST COMPANY, JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG and JOHN DOES 1-10,<br><br>                          **Defendants.** | CIVIL ACTION NO. 08-Civ. 2870 (VM)<br><br><br><br>CLASS ACTION |
| ANTHONY PISANO, individually and on behalf of all Others Similarly Situated,<br><br>                          **Plaintiff,**<br>      v.<br><br>THE BEAR STEARNS COMPANIES INC., JAMES CAYNE, ALAN D. SCHWARTZ, WARREN SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG and JOHN DOES 1-10,<br><br>                          **Defendants**. | CIVIL ACTION NO. 08-Civ. 3006 (UA)<br><br><br><br>CLASS ACTION |

| | |
|---|---|
| HANS MENOS, individually and on behalf of all Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>THE BEAR STEARNS COMPANIES INC., JAMES CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG and JOHN DOES 1-10,<br><br>Defendants. | CIVIL ACTION NO. 08-Civ. 3035 (UA)<br><br><br>CLASS ACTION |
| IRA GERWITZ, individually and on behalf of all Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>THE BEAR STEARNS COMPANIES INC., JAMES CAYNE, ALAN D. SCHWARTZ, WARREN SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG and JOHN DOES 1-10,<br><br>Defendants. | CIVIL ACTION NO. 08-Civ. 3089 (UA)<br><br><br>CLASS ACTION |

| | |
|---|---|
| **SHELDEN GREENBERG, individually and on behalf of all Others Similarly Situated,** ) <br> ) <br> ) **CIVIL ACTION NO. 08-Civ. 03334** <br> ) **(UA)** <br> ) <br> ) <br> **Plaintiff,** ) <br> v. ) **CLASS ACTION** <br> ) <br> ) <br> ) <br> ) <br> **THE BEAR STEARNS COMPANIES INC., JAMES CAYNE, ALAN C. GREENBERG, JEFFREY MAYER, SAMUEL L. MOLINARO, JR., ALAN D. SCHWARTZ, WARREN J. SPECTOR, and JOHN and JANE DOES 1-10** ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> **Defendants.** ) | |

| | |
|---|---|
| **SCOTT WETTERSTEIN, individually and on behalf of all Others Similarly Situated,** ) <br> ) <br> ) **CIVIL ACTION NO. 08-Civ. 03351** <br> ) **(UA)** <br> ) <br> **Plaintiff,** ) <br> v. ) <br> ) **CLASS ACTION** <br> ) <br> **THE BEAR STEARNS COMPANIES INC., JAMES CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN GREENBERG, and JOHN AND JANE DOES 1-10,** ) <br> ) <br> ) <br> ) <br> ) <br> **Defendants.** ) | |

**RESPONSE OF PLAINTIFF DREW V. LOUNSBURY TO THE MOTIONS OF THE WEBER PLAINTIFFS AND THE HOWARD PLAINITFFS FOR CONSOLIDATION OF RELATED ERISA CASES AND OTHER RELIEF**

Drew V. Lounsbury, the plaintiff in Case No. 08-CV-3326 (RWS), has, like the Weber Plaintiffs and the Howard Plaintiffs, filed a motion to consolidate the related ERISA class actions against Bear Stearns and for other relief. Lounsbury responds to the Weber and Howard motions as follows.

## Consolidation

Lounsbury agrees that the ERISA cases should be consolidated into one ERISA case. In what is likely an excess of caution, Lounsbury further states that the consolidated ERISA case should be docketed and maintained separate from any securities fraud and/or derivative cases against Bear Stearns arising from Bear's involvement in subprime loan originations, CDOs and other matters which may overlap with the subject matter of the ERISA cases. *See, e.g. In re Merrill Lynch and Co., Inc. Securities, Derivative and ERISA Litigation,* 07-CV -9633 (LBS) (Order of April 10, 2008, directing the separate filing of consolidated pleadings in the Securities, Derivative and ERISA cases involving Merrill Lynch's subprime involvement).

## Pre-Trial Order No. 1

The Weber and Howard Plaintiffs have each submitted a proposed Pre-Trial Order No. 1 which would provide for efficient procedures in the consolidated ERISA case. Each form of order is standard in cases of this nature. Lounsbury believes that both forms of order are acceptable (except as to the appointment provisions contained therein, as now discussed).

## The Appointment of Lead Plaintiff(s)

In Lounsbury's motion he identifies himself as an employee of Bear Stearns from approximately 1997 to approximately 2004 who worked in sales administration and portfolio

1

management. His motion papers state that he had approximately $7,500 of his retirement savings invested in Bear Common Stock in his Plan account. He remains a participant in the Plan. When he left Bears employ he did not (to the best of his recollection) execute a release of claims or anything like a release of claims. Memorandum in Support at 4-5. This later point may be important in the ongoing litigation since issues pertaining to the enforceability of releases executed by former employees/401(k) plan participants can sometimes dominate early motion practice and delay determination of other issues. With Lounsbury as the lead plaintiff that would not happen.

Lounsbury has made, at least at this stage, a superior showing to be appointed lead plaintiff. The showing made by the Weber Plaintiffs and by the Howard Plaintiffs is minimal. See, Weber Plaintiffs' Memorandum in Support at 4; Howard Plaintiffs' Memorandum in Support at 7. On the present record Lounsbury is qualified, and best qualified, to serve the interests of the proposed class as lead plaintiff.

## The Appointment of Interim Class Counsel

Lounsbury's motion ask that his counsel, Stull, Stull & Brody, be appointed interim class counsel under Rule 23 (g); the Weber and Howard Plaintiffs seek the appointment of their counsel. The Stull, Stull & Brody firm should be appointed for the following reasons:

1. All of the attorney firms seeking the appointment as of interim class counsel are clearly competent and experienced to justify appointment. As to the Stull firm, Stull served as co-lead counsel in the similar 401(k) class action involving AOL Time Warner, where a $`100 million dollar settlement was obtained and was approved by Judge Kram. The Stull firm's experience and success in cases of this nature is set out in the Lounsbury motion papers, including the Declaration of Edwin J. Mills and Exhibit A thereto.

2. Stull's experience in cases of this nature is demonstrated by their work thus far in this case. In particular, the Lounsbury complaint is the only one to identify as defendants members of the Finance and Risk Committee of the Bear Stearns Board of Directors. These individuals had a fiduciary role in overseeing the Plan and, at the same time, they were specifically charged with making sure that Bear's credit and risk management policies, procedures and controls were sensible. *See,* Mills Declaration Exhibits B and C and Lounsbury Complaint paras 13-19. It is alleged that the members of the Finance and Risk Committee failed badly to manage risk at Bear and that this caused massive loss to the Plan, as to which they had oversight responsibilities. The Stull firm's work in identifying these additional parties and claims should be considered in the appointment process.

3. As to the Weber Plaintiffs' proposed counsel, the Wolf Popper and Berman firms, Lounsbury does not dispute their competence or experience. Their pleading, however, did not identify the Finance and Risk Committee defendants, and their appointment motion rests to some extent on "support" from other plaintiffs and plaintiffs' counsel in these cases (Weber Memorandum in Support at 9 ). The present record does not evidence any such "support" and the Court should not consider any such support because considerations of the factors which go or may have gone into any such attorney or party support would divert attention from the real issue of how will the members of the proposed class best be represented at this stage of the proceedings.

4. As to the Howard Plaintiffs' choice of Schiffrin and Keller firms, Lounsbury certainly does not dispute their competence and experience; Lounsbury's counsel (Stull) served as co-lead counsel with the Schiffrin firm in connection with the AOL Time Warner ERISA settlement and has served with Keller in certain other matters. Their pleading,

again, however, did not identify the Finance and Risks Committee Defendants. Their appointment would also necessitate additional local counsel due to the firms' locations and certain additional expenses for the class due to location.

## Conclusion

For these reasons Lounsbury agrees with the Weber and Howard Plaintiffs as to consolidation and as to the entry of a Pre-Trial Order No. 1 but disagrees with them on the appointment issues.

Dated: April 10, 2008               **STULL, STULL & BRODY**

By:   s/_Edwin J. Mills
Edwin J. Mills (EM-7117)
Howard T. Longman (HL-2489)
Michael J. Klein (MK-8187)
6 East 45th Street
New York, NY 10017
Tel:   (212) 687-7230
Fax:   (212) 490-2022

**KANTROWITZ GOLDHAMER & GRAIFMAN, P.C.**
Gary S. Graifman
Michael L. Braunstein
Reginald H. Rutishauser
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel: (845) 356-2570
Fax:  (845) 356-2570

*Attorneys for Plaintiffs Drew V. Lounsbury*